DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Laraine Porter, appeals from the judgment of the Summit County Court of Common Pleas which affirmed Appellee's, the City of Green Board of Zoning Appeals ("Green BZA"), denial of a variance. We reverse.
 I. {¶ 2} Appellant resides in a two-story home on a corner lot at 1511 Melanie Drive in Uniontown, Ohio. Appellant's neighbors reside in a ranch home on the backside of Appellant's home. Appellant contends her neighbor's home is on an incline and situated very close to her home, thus allowing her neighbors the opportunity to see into her windows. In order to have privacy, Appellant constructed a three foot high landscaping mound and then placed a six foot wooden fence on top of the mound, totaling nine feet in height.
 {¶ 3} Green Codified Ordinance 1296.02(h)(1)(B) permits fences in residential areas to be placed either in the side or rear yard and to be no more than six feet high. During the installation of the landscaping mound and fence, a Green Zoning Inspector came out to Appellant's home and advised her that the combined height of the mound and fence violated the ordinance and they must be removed. Appellant refused to remove the mound and fence as they were just installed.
 {¶ 4} The Zoning Board immediately contacted Appellant and advised her that she either needed to remove the fence or apply for a variance. Two weeks later, Appellant filed the application for a variance. The Green Zoning Division denied Appellant's zoning permit application for the nine foot fence and/or three foot variance on October 3, 2005. At their October 20, 2005 meeting, the Green BZA heard Appellant's application for a variance for the additional height. After listening to Appellant, her neighbors, and other witnesses, the Green BZA denied Appellant's request for a variance.
 {¶ 5} Appellant timely filed an administrative appeal to the Summit County Court of Common Pleas pursuant to R.C. Chapter 2506. After considering the entire record and the briefs, the trial court affirmed the Green BZA'a decision to deny the three foot fence variance.
 {¶ 6} Appellant timely appealed, asserting two assignments of error for our review.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS DETERMINATION THAT APPELLANT WAS REQUIRED TO OBTAIN AN AREA VARIANCE IN ORDER TO RETAIN HER FENCE AS IT IS CONSTRUCTED."
 {¶ 7} In her first assignment of error, Appellant argues that the trial court erred in defining and applying the terms "fence" and "building" pursuant to the Green Zoning Ordinance, thus misconstruing the ordinance and the need for a variance. Specifically, Appellant asserts that "fence" and "building" are distinct terms, thus a "fence" is not subject to the definition of "building height" and no variance was required. Appellant argues that the plain meaning of the ordinances do not adequately advise a resident as to how to measure the height of a fence and whether a landscaping mound is to be included in the height of the fence. We agree.
 {¶ 8} R.C. Chapter 2506 governs appeals of decisions by agencies of political subdivisions, such as township zoning boards. See, e.g.,Earth `N Wood Prods., Inc. v. City of Akron Bd. of Zoning Appeals, 9th Dist. No. 21279, 2003-Ohio-1801, at ¶ 8. The standards of review applied by the trial court and the appellate court in a R.C. Chapter 2506 administrative appeal are distinctly different. Langan v. Bd. of ZoningAppeals, 9th Dist. No. 05CA008640, 2005-Ohio-4542, at ¶ 6. See, also,Henley v. City of Youngstown Bd. of Zoning Appeals (2000),90 Ohio St. 3d 142, 147.
 {¶ 9} The trial court considers the entire record before it and "determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."Henley, 90 Ohio St. 3d at 147. R.C. 2506.04 empowers the court of common pleas to "affirm, reverse, vacate, or modify the order, * * * or remand the cause to the officer or body appealed from with instructions to enter an order, * * * consistent with the findings or opinion of the court."
 {¶ 10} While the Appellant's appeal to this Court is also governed by R.C. 2506.01 et seq., "[t]he standard of review to be applied by [this Court] in an R.C. 2506.04 appeal is `more limited in scope.'" (Emphasis sic.) Henley, 90 Ohio St.3d at 147, quoting Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. In Henley, the Ohio Supreme Court explained its analysis of an appellate court's review procedure stating:
 "[R.C. 2506.04] grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable, and probative evidence,' as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." (Citations omitted). Henley, 90 Ohio St.3d at 147.
 {¶ 11} Zoning ordinances imposing restrictions on the use of private property are strictly construed in favor of the land owner and their scope cannot be extended to include limitations not prescribed therein.Saunders v. Clark Cty. Zoning Dept. (1981), 66 Ohio St.2d 259, 261. This is due to the fact that zoning ordinances are in derogation of the common law and tend to deprive the land owner of lawful use of the land. Id.
 {¶ 12} When the language of the ordinance is unambiguous, the courts apply the plain and ordinary meaning of the words. Roxane Laboratories,Inc. v. Tracy (1996), 75 Ohio St.3d 125, 127. Unambiguous language does not require court interpretation or application of the rules of statutory construction. 4522 Kenny Rd, L.L.C. v. City of Columbus Bd. ofZoning Adjustment, 152 Ohio App.3d 526, 2003-Ohio-1891, at ¶ 13. Instead, the "court must only read and follow the words of the ordinance." Id. On the other hand, an ambiguous ordinance contains language that is susceptible to more than one reasonable interpretation, thus necessitating court interpretation. Family Medicine Found, Inc. v.Bright, 96 Ohio St.3d 183, 2002-Ohio-4034, at ¶ 8.
 {¶ 13} The trial court found Green Codified Ordinance 1296.02(h)(1)(B) to be ambiguous as to how to measure the height of the fence and thus engaged in interpreting the definitions of the ordinance. However, the trial court's interpretation of Green Codified Ordinances 1296.02(h)(1)(B) and 1260.06 was unnecessary as the ordinances are unambiguous.
 {¶ 14} Green Codified Ordinance 1296.02(h) states in its entirety the following with regards to fences:
 "(h) Fences.
 "(1) In all districts, fences and walls shall comply with the following:
 "A. In a front yard, a fence or wall shall not exceed three feet in height, except that within twenty feet of a public right of way a fence shall not exceed two feet in height.
 "B. In a side or rear yard in a residential district, a fence or wall located in the required yard shall not exceed six feet in height. A fence or wall located in any other portion of the side or rear yard shall not exceed eight feet in height."
 "C. In a required side or rear yard in a nonresidential district, a fence or wall shall not exceed six feet in height.
 "(2) Any fence or wall proposed for a use that requires site plan review and which is not in a front or required rear or side yard pursuant to paragraph (h)(1) hereof shall be reviewed and approved as part of a site plan pursuant to Section 1262.07. However, when a fence or wall is proposed at a separate time from any other development for new construction, additions or site renovation, fences or walls may be approved administratively by the Zoning Inspector when the Zoning Inspector determines that the proposal:
 "A. Complies with paragraph (h)(1) hereof;
 "B. Is consistent with any previously approved plan;
 "C. Is compatible with the current site development if there is no approved plan; and
 "D. Will have a minimum adverse impact to the surrounding areas.
 "If, because of the nature of the proposed fence, the Zoning Inspector does not make such a determination, the request shall be referred to the Planning and Zoning Commission and considered by the Commission according to the site plan procedures set forth in Section 1262.07."
Further, Green Codified Ordinance 1260.06(29) defines a fence as "[a] structure composed of nonliving material, which may be construed for privacy, security, screening or decoration."
 {¶ 15} Upon review of the Green Codified Ordinances we note that fences are restricted so as not to exceed three feet, six feet, or eight feet in height, depending upon their location. Other than referring to the maximum height of the fence, no mention is made of any special way of measuring the height of a fence. In such circumstances, the limitation imposed by the plain language of the ordinances is upon the height of the fence itself: how far the top of the fence is from the ground at the base of the fence.
 {¶ 16} The trial court attempted to apply the procedure provided for measuring the height of a building in order to establish a requirement for measuring the height of a fence. While an ordinance could no doubt be written so as to accomplish this, the ordinance in question did not do so. While it is true that fences are included as "structures" and as "accessory uses or structures," the height measuring requirement is expressly made applicable to buildings. It is to be noted that Green Codified Ordinance 1260.06(11) provides not only that an accessory building must meet the requirements of an accessory structure, but also that it must be a building. Nowhere does the ordinance state that a fence is a building.
 {¶ 17} Accordingly, we find the Green Codified Ordinances make no provision requiring the maximum height of a fence to be deemed anything other than the maximum height of the fence itself. Based on the plain meaning of the language in the Green Codified Ordinances, Appellant's six foot fence, placed on top of a three foot landscaping mound, is in compliance with the ordinances and Appellant was not required to request a variance.
 {¶ 18} Appellant's first assignment of error is sustained.
 B. Second Assignment of Error
"THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS APPLICATION OF THEDUNCAN V. MIDDLEFIELD FACTORS."
 {¶ 19} Appellant's second assignment of error alleges that the trial court incorrectly applied the "practical difficulties" standard inDuncan v. Middlefield (1986), 23 Ohio St.3d 83, 86. Appellant contends that the trial court considered irrelevant evidence, ignored contrary evidence and arguments, made assumptions unsupported by the record and committed errors in logic in applying the practical difficulties factors. In light of our disposition of the prior assignment of error, we decline to address this assignment of error as it has been rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 20} Appellant's first assignment of error is sustained. The second assignment of error is not addressed as being moot. The judgment of Summit County Court of Common Pleas is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
SLABY, P. J. WHITMORE, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)