OPINION
{¶ 1} Appellants Clair and Kathie Dickinson appeal the decision of the Court of Common Pleas, Summit County, which affirmed the decision of the Bath Township Board of Zoning Appeals ("BZA") in a dispute over a property line fence constructed by Appellee John Bollinger, appellants' neighbor. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellants reside at 884 Alder Run Way, which is within the city limits of Akron, Ohio. Their property abuts the eastern edge of appellee's residential property at 610 Hidden Valley Road in Bath Township, Ohio. The area between appellant's property and appellee's house is heavily wooded. Appellee's house sits about 600 feet from the properties' border line; appellants' house is approximately ten feet from the line.
 {¶ 3} On July 26, 2005, the Bath Township Zoning Inspector issued a permit to appellee, allowing him to construct a post and wire "field fence" on the property line between appellants' and appellee's parcels. Appellant thereafter duly filed an application to appeal to the BZA.
 {¶ 4} On September 20, 2005, the BZA conducted a public hearing to consider appellants' administrative appeal of the zoning inspector's decision to grant a fence permit to appellee. In a decision dated October 15, 2005, the BZA denied appellants' administrative appeal, concluding in pertinent part as follows:
 {¶ 5} "WHEREAS, based upon the evidence presented, the Board finds that the Bath Township property for which the fence permit was issued is located in an R-3 Residential District; that the action of the Zoning Inspector in issuing the fence permit in *Page 3 
question was proper and in accordance with the Zoning Resolution. The Board further finds that applicant has failed to provide evidence that would justify granting of applicant's appeal."
 {¶ 6} Appellants thereupon appealed the BZA decision to the Summit County Court of Common Pleas. On June 19, 2006, the court issued a decision affirming the BZA's denial of the appeal of the issuance of the fence permit.
 {¶ 7} On June 26, 2006, appellants filed a notice of appeal of the decision of the common pleas court. They herein raise the following sole Assignment of Error:
 {¶ 8} "I. THE DECISION OF THE COMMON PLEAS COURT TO AFFIRM THE DECISION OF THE BOARD OF ZONING APPEALS IS NOT SUPPORTED BY A PREPONDERANCE OF RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE."
 I. {¶ 9} In their sole Assignment of Error, appellants contend the trial court's affirmance of the decision of the Bath Township BZA was not supported by a preponderance of reliable, probative, and substantial evidence. We disagree.
 {¶ 10} R.C. Chapter 2506 governs appeals of decisions by agencies of political subdivisions, such as township zoning boards. Earth `N WoodProds., Inc. v. City of Akron Bd. of Zoning Appeals, Summit App. No. 21279, 2003-Ohio-1801, ¶ 8. This Court has recognized that the standards of review applied by the trial court and the appellate court in a R.C. Chapter 2506 administrative appeal are distinctly different. Porter v.Green Bd. of Zoning Appeals, Summit App. No. 23379, 2007-Ohio-510, ¶ 8, citing Langan v. Bd. of Zoning Appeals, Lorain App. No. 05CA008640,2005-Ohio-4542, ¶ 6. *Page 4 
 {¶ 11} In a Chapter 2506 appeal, the trial court considers the entire record before it and "determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Porter at ¶ 9, quoting Henley v. City of Youngstown Bd. ofZoning Appeals (2000), 90 Ohio St.3d 142, 147. R.C. 2506.04 empowers the court of common pleas to "affirm, reverse, vacate, or modify the order, * * * or remand the cause to the officer or body appealed from with instructions to enter an order, * * * consistent with the findings or opinion of the court."
 {¶ 12} The standard of review of an appellate court, however, is set forth as follows: "[R.C. 2506.04] grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable, and probative evidence,' as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Porter at ¶ 10, quoting Henley at 147. Thus, an appellate court, in an administrative appeal, "has a limited function, which does not involve a determination as to the weight of the evidence." Baire v. Bd. of Ed. of the William R. Burton Voc. Ctr.Schools (Apr. 12, 2000), Lorain App. No. 99CA007293, quoting In reAnnexation of 1,544.61 Acres in Northampton Twp. (1984),14 Ohio App.3d 231, 233. "Instead, an appellate court's review examines whether the trial court abused its discretion." Chafe *Page 5 
 Towing, LLC v. Springfield Twp. Bd. of Zoning Appeals, Summit App. No. 20632, 2001-Ohio-1943, citing Baire, supra.
 {¶ 13} The portion of the Bath Township zoning resolution addressing fences states as follows:
 {¶ 14} "Fences and walls may be permitted along the side or rear lot lines to a height of not more than six feet (6') above the grade, provided that any fence or wall shall be well maintained, will be harmonious and appropriate in appearance with the existing character of the immediate area in which it is to be located, and will not be hazardous or disturbing to existing or future neighboring uses." Bath Township Zoning Resolution Sec. 301-4, Paragraph V.[1]
 {¶ 15} The fence in question was designated by Appellee Bollinger as a "field fence" in his application to the zoning inspector. The fence consists of metal posts strung with a rectangular wire mesh, with a single strand of straight wire running along the top. Appellants assert that it is "typical of fences that would be found in a farmer's field rather than adjacent to a home." Appellants' Brief at 6.
 {¶ 16} The record before the trial court included several photographs of the fence and area in question, as well the transcript of the BZA hearing. At said hearing, Appellant Clair Dickinson suggested that a split rail fence would be proper in the allotment, but he opined that the field fence was not "harmonious with the current neighboring use." BZA Tr. at 4. The BZA also heard testimony from the Bath Township Zoning Inspector, as well as Appellee Bollinger and John Baker, one of appellee's neighbors. The trial court judge, in her judgment entry, cited the testimony of the zoning *Page 6 
inspector that such a property line fence on a ten-acre parcel in Bath Township was "appropriate." The judge further noted Bollinger's position that his new fence was the same type that had defined his property for more than twenty years. Finally, she indicated that her decision was based "upon the record and arguments of counsel."
 {¶ 17} Although not argued as a separate assigned error, appellants also challenge the zoning inspector's position that the term "immediate area" in Resolution Sec. 301-4 is restricted to the confines of Bath Township, and would not include the area within the City of Akron. Appellants' Brief at 7. However, the trial court did not clearly indicate it was adopting this position, and we must indulge in all reasonable presumptions in favor of the regularity of the proceedings below. See Channelwood v. Fruth (June 10, 1987), Summit App. No. 12797, citing In Re Sublett (1959), 169 Ohio St. 19, 20. Likewise, we presume the trial court fully considered the record in this matter, including the submitted photographs, absent any evidence to the contrary. Based on our limited standard of review (Henley, supra), we find no abuse of discretion or error of law in the trial court's affirmance of the BZA decision.
 {¶ 18} Accordingly, appellants' sole Assignment of Error is overruled.
 {¶ 19} For the reasons stated in the foregoing opinion, the judgment of the Court
of Common Pleas, Summit County, Ohio, is hereby affirmed.
 By: Wise, J. Farmer, P. J., and Edwards, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Summit County, Ohio, is affirmed. Costs to Appellants.
[1] Appellants do not presently argue that the fence is "hazardous or disturbing." Hence, this appeal focuses on the "harmonious and appropriate" aspects of the provision. *Page 1