[Cite as *Miller v. Canton*, 2011-Ohio-6783.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
| COLLIN MILLER | : | JUDGES: | |
| | : | Hon. W. Scott Gwin, P.J. | |
| | : | Hon. Sheila G. Farmer, J. | |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. | |
| | : | | |
| -vs- | : | | |
| | : | Case No. 2011-CA-00093 | |
| CITY OF CANTON | : | | |
| | : | | |
| Defendant-Appellant | : | O P I N I O N | |

CHARACTER OF PROCEEDING:        Administrative appeal from the Stark
                                County Court of Common Pleas, Case No.
                                2009CV02731

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          December 27, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DAVID L. HERBERT                          KEVIN R. L'HOMMEDIEU
KRISTINE W. BEARD                         THOMAS A. BURNS
4580 Stephen Circle N.W., Ste. 300        Canton Law Department
Canton, OH  44718                         218 Cleveland Avenue S.W.
                                          Canton, OH  44702

*Gwin, P.J.*

{1}    Appellant the City of Canton appeals a judgment of the Court of Common Pleas, of Stark County, Ohio, which reversed the decision of the Canton City Board of Zoning Appeals, finding the Zoning Ordinance is ambiguous and that appellee Colin Miller needs no variance for a fence erected on his property.    Appellant assigns a single error to the trial court:

{2}    "I. THE TRIAL COURT ERRED IN FINDING THAT CANTON'S ORDINANCE PROHIBITING FENCES OR WALLS OVER FOUR FEET WAS AMBIGUOUS."

{3}    Appellant has owned property located on Cleveland Avenue in Canton, Stark County, Ohio, for at least a dozen years.  The property is zoned B-3.  In 1999, appellee filed an application with the Canton City Zoning Inspector to erect a fence around the front yard of his property.  Appellee wished to erect a fence because of on-going vandalism, trespassing by passengers waiting at a local bus stop, sitting on his front porch to wait for the bus, and thefts at the residence.  The Zoning Inspector granted appellee's application to erect a nine foot high fence.  Across the frontage of the property is a retaining wall which the court found measured one to two feet higher than the sidewalk in front it.   The zoning inspector told appellee the brick wall would be considered landscaping.  Appellee erected an aluminum fence approximately 52 inches high. The aluminum fence and brick wall together were six feet tall from the sidewalk.

{4}    From 1999 to 2007, various parts of the aluminum fence were either vandalized or stolen.  The City of Canton contacted appellee to repair the fence.  Appellee was unable to find repair parts, and decided to replace it.   The zoning

inspector originally informed appellee he could replace the fence in accord with the 1999 zoning permit, but later advised him that he had to apply for a new permit.

{5}     In 2007, appellee applied for and was granted a permit to install a four foot white vinyl fence to replace the aluminum fence.  The vinyl fence was installed in the same manner as the previous aluminum fence, and the combined height of the white vinyl fence and the retaining wall is 4 feet 9 inches in height from the sidewalk level.

{6}     Neighboring businesses complained about the fence. In April 2009, the zoning inspector issued a notice of violation to appellee advising him the fence was higher than that permitted by the Canton City Zoning Ordinances, which limit fences to 4 feet in height.  Appellee was advised to either lower the height of the fence or remove it. Appellee appealed the zoning inspector's determination to the Canton Board of Zoning Appeals.  The Canton Board of Zoning Appeals denied appellee's request to keep his fence and appellee filed his action in common pleas court.

{7}     This is the second time this case has been before us.  In the first case, the trial court determined the 1999 permit controlled the building of the replacement fence. In *Miller v. Canton,* Stark App. No. 2010-CA-00008, this court determined that the Canton City Ordinances required appellee to obtain a new permit for the fence.  We also remanded the matter back to the common pleas court to determine whether the ordinances are ambiguous regarding the manner in which the height of the fences to be measured.

{8}     Upon remand, the parties supplemented their original briefs, and the trial court found the ordinance is ambiguous as to how to measure the fence's height, and found appellee did not need a variance for the fence.

{9} The subject ordinance states:

{10} "Fences and walls shall be permitted in any required yard or along the edge of any yard in accordance with the following provisions:

{11} (a) such fence or wall may be placed up to the lot line;

{12} (b) such fence or wall may be 4 feet in height in the front yard, 6 feet in height in the side yard and 8 feet in height in the rear yard;

{13} (c) such fence or wall in B-3 through I-2 District, inclusive, may be increased to height of 10 feet with prior written approval of the zoning inspector; (Ordinance 68-88. Passed 4-4-88.)

{14} (d) no barbed wire or electric fence, with the exception of invisible fence, shall be allowed in a residential district. (Ordinance 105-96, passed 5-6-96).

{15} Much has been made of the description of the placement of the fence. In our previous appellate case, we found the facts were not in dispute, and quoted the transcript from the variance hearing before the Canton Board of Zoning Appeals. The transcript described the fence as metal with the spindles spaced about 3 inches apart, installed on top of a small brick wall bordering the front yard of the property. From the photographs submitted as exhibits, it appears the fence is not mounted directly on top of the wall, but is in fact, mounted in the ground immediately behind the wall. It is on top of the wall in the sense it is above the wall.

{16} The standards of review applied by the trial court and the appellate court in an R.C. Chapter 2506 administrative appeal are different. *Henley v. City of Youngstown Board of Zoning Appeals*, 90 Ohio St.3d 142, 147, 200-Ohio-493, 735 N.E.2d 433. The trial court considers the entire record before it to determine whether

the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. Our review of the judgment of the common pleas court is more limited and we only address questions of law. Id.

{17} The trial court found the ordinance was ambiguous because its language did not indicate whether to measure the fence from the sidewalk in front of the wall, or to measure from the ground in which the fence is mounted. The court also questioned whether the measurement should include the fence posts.

{18} A statute or ordinance is ambiguous when its language is subject to one or more reasonable interpretations. *Family Medicine Foundation*, *Inc. v. Bright,* 96 Ohio St.3d 183, 2002-Ohio-4034, 772 N.E.2d 1177 at paragraph 8. However, if the meaning of the statute or ordinance is free from ambiguity and doubt, then a court must apply the language as written and refrain from further interpretation. *Key Service Corp. v. Zaino*, 95 Ohio St.3d 11, 2002-Ohio-1488, 764 N.E.2d 1015.

{19} In the case of *Banks v. City of Upper Arlington,* Franklin App. No. 03AP656, 2004-Ohio-3307, the Court of Appeals for the Tenth District reviewed a situation where a 6 feet high fence was built on top of an adjoining landowner's retaining wall. The ordinance that controlled stated: "[w]here a fence/wall, ornamental feature or hedge is constructed on a mound, or where the ground under same has been raised to a higher level than the surrounding surface, the permissible height of the fence/wall, ornamental feature or hedge shall be reduced by the height of such mound or raised surface." *Banks,* at paragraph 6, quoting Upper Arlington Codified Ordinance 1178.07 (B). The issue in the *Banks* case was whether the fence had been constructed on a

mound or ground raised to a higher level than the surrounding surface because, as here, the ground on one side of the fence was higher than on the other side. .

{20} The Court of Appeals noted the primary goal of statutory interpretation is to give effect to the intent of the enacting body, *Banks* at paragraph 28. The court found a statute or ordinance is ambiguous when its language is subject to one or more reasonable interpretations, but if the meaning of the statute or ordinance is free from ambiguity and doubt then a court must apply the language as written and refrain from further interpretation. The court found the ordinance was not ambiguous, and clearly indicated if a fence stands higher than the surrounding ground on at least one side, then its height must be reduced by the height of the mound or retaining wall area.

{21} Contrast to the *Banks* case with *Porter v. Green Board of Zoning Appeals,* Summit App. No. 223379, 2007-Ohio-510, wherein the ordinance in question, like the ordinance before us, did not refer to any landscaping mounds or elevated surfaces and the issue was whether a landscaping mound is to be included in the height of the fence. The Ninth District Court of Appeals found the plain meaning of the ordinance does not adequately advise a resident how to measure the height of the fence.

{22} We do not agree with the Ninth District's conclusion the ordinance is ambiguous because it does not state how to measure the height of a fence. Unless a different intention appears in a statute or ordinance, words must be given their ordinary and natural meaning. *Layman v. Woo,* 78 Ohio St.3d 485, 487, 1997-Ohio-195, 678 N.E.2d 1217, citation deleted.

{23} We find because the ordinance in question does not make reference to a landscaping mound or retaining wall, we must apply the plain meaning of the words.

Had the City wished to include landscaping features, retaining walls, or other surface irregularity or elevation, it could have done so.  In the absence of such language, the "ordinary and natural" way to measure a fence is to measure from the ground on which it is mounted to its highest point, which in this case would be the fence posts.

{24}  We find the trial court was right for the wrong reason. The court erred in finding the ordinance was ambiguous, but nevertheless it was correct in concluding appellee does not need a variance for his fence.  The fence, measured from the ground to the top, does not exceed four feet.

{25}  The assignment of error is overruled.

{26}  For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

[Cite as *Miller v. Canton*, 2011-Ohio-6783.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

COLLIN MILLER                                :
                                             :
                Plaintiff-Appellee           :
                                             :
                                             :
-vs-                                         :           JUDGMENT ENTRY
                                             :
CITY OF CANTON                               :
                                             :
                                             :
                Defendant-Appellant          :           CASE NO. 2011-CA-00093


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Court of Common Pleas of Stark County, Ohio, is affirmed.  Costs to appellant.


_____

HON. W. SCOTT GWIN


_____

HON. SHEILA G. FARMER


_____

HON. PATRICIA A. DELANEY