[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 183.]

FAMILY MEDICINE FOUNDATION, INC., APPELLEE, *v.* BRIGHT ET AL.,

APPELLANTS.

[Cite as *Family Medicine Found., Inc. v. Bright*, 2002-Ohio-4034.]

*Civil actions—Parties—Medical malpractice—Pursuant to R.C. 1329.10(C), a plaintiff may commence or maintain an action against a party named only by its fictitious name.*

(No. 2001-1544—Submitted April 10, 2002—Decided August 21, 2002.)

CERTIFIED by the Court of Appeals for Franklin County, No. 00AP-1476.

_____

SYLLABUS OF THE COURT

Pursuant to R.C. 1329.10(C), a plaintiff may commence or maintain an action against a party named only by its fictitious name.

_____

FRANCIS E. SWEENEY, SR., J.

{¶1} This case stems from a medical malpractice action brought by appellant Maria Nicole Bright against the Thomas E. Rardin Family Practice Center. The trial court granted Bright's motion for default judgment against the Practice Center, which neither filed an answer to Bright's complaint nor appeared in the action. After a damages hearing, the trial court entered judgment against the Practice Center in the amount of $978,840.41.

{¶2} The Ohio State University owned the building in which the Practice Center was located, and because it had been served with a copy of the court's judgment against the Practice Center, OSU was concerned about its liability and therefore filed a motion to vacate the judgment for lack of subject-matter jurisdiction. OSU argued that the Practice Center was not a legal entity with the capacity to be sued and that if the judgment was to be enforced against OSU as the

owner of the building, then the Court of Claims had exclusive jurisdiction over the claim. Bright contested the motion, asserting that OSU did not have standing since it was not a party to the case, and conceding that the judgment was not enforceable against OSU. Bright also asserted that the Practice Center was a fictitious name of appellee, Family Medicine Foundation, Inc. ("FMF").

{¶3} Subsequently, Bright filed a motion for judgment debtor examination to determine FMF's ability to satisfy the default judgment against the Practice Center. FMF then filed a motion to intervene and a motion to vacate the judgment, arguing that the default judgment was void because it was rendered against a nonentity. The trial court denied FMF's motion to intervene and motion to vacate.

{¶4} FMF then filed the instant action against Bright and her attorneys, appellants N. Gerald DiCuccio, Gail M. Zalimeni, and the law firm of Butler, Cincione, DiCuccio & Barnhart, seeking an injunction to prohibit appellants from executing upon FMF's assets to satisfy the default judgment. The trial court denied the requested relief, finding that the judgment was enforceable against FMF. The court of appeals reversed, holding that under R.C. 1329.10(C) a suit cannot be commenced or maintained against a party named only by its fictitious name. The cause is before this court upon our finding that a conflict exists between the appellate court decision and the decision of the Ninth District Court of Appeals in *Martin v. Bedroom Emporium* (Dec. 24, 1997), Summit App. No. 18509, 1997 WL 803081.

{¶5} The question certified for our review is as follows: "Does R.C. 1329.10(C) permit a plaintiff to commence or maintain an action solely against a fictitious name, or must the action be commenced and/or maintained against the user of the fictitious name?" For the reasons that follow, we hold that pursuant to R.C. 1329.10(C), a plaintiff may commence or maintain an action against a party named only by its fictitious name.

{¶6} R.C. 1329.10(C) provides that "[a]n action may be commenced or maintained *against the user of a trade name or fictitious name* whether or not the name has been registered or reported in compliance with section 1329.01 of the Revised Code." (Emphasis added.) R.C. 1329.01(A)(2) defines a "fictitious name" as "a name used in business or trade that is fictitious and that the user has not registered or is not entitled to register as a trade name."

{¶7} The parties disagree as to what is meant by the phrase "user of a trade name or fictitious name." Appellants contend that the phrase must be construed to mean that suit may be brought against the fictitious name itself, i.e., the Thomas E. Rardin Family Practice Center. FMF, on the other hand, maintains that R.C. 1329.10(C) establishes that only actions naming the legal entity that is using the trade name or fictitious name are permissible.

{¶8} When weighing the parties' opposing interpretations of R.C. 1329.10(C), we are compelled to adhere to the plain language of that provision unless an ambiguity exists. *State v. Jordan* (2000), 89 Ohio St.3d 488, 492, 733 N.E.2d 601. It is firmly established that a statute is ambiguous when its language is subject to more than one reasonable interpretation. Id. Because we believe that R.C. 1329.10(C) reasonably can be interpreted in more than one way, we find it to be ambiguous.

{¶9} When construing an ambiguous statute, a court must give effect to the intent of the legislature. *Christe v. GMS Mgt. Co., Inc.* (2000), 88 Ohio St.3d 376, 377, 726 N.E.2d 497. In order to determine that intent, the court may consider a host of factors, including the object sought to be attained by the statute. Id.; R.C. 1.49. Although the legislature has not expressly stated the object of or purpose behind R.C. 1329.10, it still can be ascertained. One section of the statute, R.C. 1329.10(B), prohibits a person operating under a fictitious name from commencing or maintaining an action in that fictitious name until he has reported the name to the Secretary of State. Likewise, subsection (C) sets standards for legal capacity,

but these standards relate to potential defendants, i.e., whether a defendant can be sued under his fictitious name alone. Thus, when read together, subsections (B) and (C) set forth rules relating to an entity's capacity to sue or be sued under its fictitious name. *Frate v. Al-Sol, Inc.* (1999), 131 Ohio App.3d 283, 287, 722 N.E.2d 185.

{¶10} Furthermore, as we see it, a main objective of R.C. 1329.10 is to encourage the registration and reporting of fictitious names with the state. Subsection (B) of the statute furthers that objective since the right to sue under a fictitious name is conferred only if there was a prior registration or reporting of the name. In the same vein, it is logical to conclude that subsection (C) shares this objective. If we were to interpret R.C. 1329.10(C) to prevent a person from bringing suit against an entity named only by its fictitious name, then that provision would act as a disincentive for the entity to report the fictitious name. That is, it would reward an entity for refraining from doing what the statute seeks to encourage. The case at bar demonstrates this point. Appellants named only the Practice Center in Bright's complaint because they were unable to determine the legal entity behind that fictitious name. If FMF had reported the fictitious name, then appellants would have known to name FMF as a defendant. Therefore, we believe that the General Assembly intended for R.C. 1329.10(C) to allow suit to be brought against a party named only by its fictitious name.

{¶11} In addition, both the Eighth and Ninth District Courts of Appeals have concluded that R.C. 1329.10(C) permits suits against parties named only by their fictitious names. See *Martin v. Bedroom Emporium* (Dec. 24, 1997), Summit App. No. 18509, 1997 WL 803081, and *Zinn v. Pine Haven, Inc.* (Aug. 12, 1982), Tuscarawas App. No. 1578, 1982 WL 11268. We particularly agree with the *Zinn* court's statement that a defendant should not be allowed "to profit by the confusion resulting from its having done business under a fictitious name."

**{¶12}** Nevertheless, FMF seeks to avoid our result by arguing that the default judgment entered against the Practice Center is void under our decision in *Patterson v. V & M Auto Body* (1992), 63 Ohio St.3d 573, 589 N.E.2d 1306. We do not agree. In *Patterson*, the plaintiff brought suit against a fictitious name rather than the person behind the name. The fictitious name served as the business name of an auto body shop that was a sole proprietorship. This court held that a plaintiff may not maintain an action against a defendant solely under a fictitious name where the plaintiff knows that the defendant does business as a sole proprietor.

**{¶13}** The *Patterson* decision did not mention R.C. 1329.10(C). Because the holding that we reach in the instant case is based on that statute, we decline to apply *Patterson*. However, we note that even if *Patterson* were applicable, it would not benefit FMF because when the complaint was brought by appellants, they had no knowledge that FMF was the legal entity behind a fictitious name. Despite repeated inquiries by Bright's attorneys prior to filing the action, they were unable to identify the legal entity behind the Practice Center. They examined filings with the Secretary of State to determine if the Practice Center was a registered trade name or a reported fictitious name and reviewed medical records and billing statements of the Practice Center. These actions failed to pinpoint FMF as the legal entity behind the Practice Center.

**{¶14}** Moreover, the evidence clearly indicates that FMF had notice of the commencement of Bright's suit. A receptionist at the Practice Center, who was an employee of FMF, received service of Bright's complaint. Despite this fact, and as the trial court found, FMF did not take adequate steps to apprise appellants of FMF's connection to the Practice Center. In light of the fact that FMF knew that its rights could be affected by the action, we find it difficult to understand how it can now cry foul and allege that the judgment is void. In these circumstances, an entity should not be permitted to dodge liability.

**{¶15}** For the foregoing reasons, we hold that R.C. 1329.10(C) permits a plaintiff to bring suit against a party named only by its fictitious name. Thus, FMF's request for injunctive relief was properly denied by the trial court. Accordingly, we reverse the judgment of the court of appeals.

Judgment reversed.

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER and HARSHA, JJ., concur.

LUNDBERG STRATTON, J., dissents.

WILLIAM H. HARSHA III, J., of the Fourth Appellate District, sitting for COOK, J.

_____

**LUNDBERG STRATTON, J., dissenting.**

**{¶16}** I believe that the plain language of R.C. 1329.10(C) permits only the *user* of the fictitious name to be named as a defendant in a lawsuit. Therefore, I respectfully dissent.

**{¶17}** R.C. 1329.10(C) states:

**{¶18}** "An action may be commenced or maintained against the *user* of a trade name or fictitious name." (Emphasis added.)

**{¶19}** In determining legislative intent, a court must first look to the language of the statute. *Basic Distrib. Corp. v. Ohio Dept. of Taxation* (2002), 94 Ohio St.3d 287, 291, 762 N.E.2d 979. A court must give effect to the words used in the statute and not delete any words. *Campbell v. Burton* (2001), 92 Ohio St.3d 336, 341, 750 N.E.2d 539. Where the language of a statute is clear and unambiguous, this court's only task is to give effect to the words used. *State v. Hanning* (2000), 89 Ohio St.3d 86, 91, 728 N.E.2d 1059.

**{¶20}** The majority recognizes the plain-language rule but then inexplicably determines that the language in R.C. 1329.10(C) is ambiguous. However, a statute must be subject to more than one reasonable interpretation to be found ambiguous. To interpret R.C. 1329.10(C) as permitting a lawsuit to be commenced and

maintained against a fictitious name improperly requires the deletion of the term "user" from the statute. Thus, interpreting the statute as permitting suit against the user of a fictitious name is the only reasonable interpretation. Accordingly, the majority's conclusion that R.C. 1329.10(C) is ambiguous is incorrect.

{¶21} After finding R.C. 1329.10(C) ambiguous, the majority determines that the purpose of R.C. 1329.10 "is to encourage the registration and reporting of fictitious names with the state." Consequently, the majority interprets R.C. 1329.10(C) in light of that purpose and finds that "[i]f we were to interpret R.C. 1329.10(C) to prevent a person from bringing suit against an entity named only by its fictitious name, then that provision would act as a disincentive for the entity to report the fictitious name." Any such disincentive is nullified by R.C. 1329.01(D), which expressly requires an entity to report its use of a fictitious name with the Secretary of State, and by R.C. 1329.10(A), which requires that the Attorney General, upon the Secretary of State's request, file an injunction against an entity that fails to comply with the reporting requirements. Permitting a lawsuit to be brought against a party named only by its fictitious name dilutes any value to the reporting requirement for fictitious names.

{¶22} I believe that R.C. 1329.10(C) requires a plaintiff to commence a lawsuit against the user of a fictitious name by naming the user rather than permitting the plaintiff to name only the user's fictitious name to ensure that the defendant-user is put on notice of the pending lawsuit. "Due process requires service of notice sufficient to apprise the defendant of the pendency of the action" and contest the allegations. *Walker Neal Leasing Inc. v. Spies Constr. Co.* (Feb. 14, 1996), 9th Dist. No. 17389, 1996 WL 62116, citing *Sampson v. Hooper Holmes, Inc.* (1993), 91 Ohio App.3d 538, 540, 632 N.E.2d 1338. I believe that filing a lawsuit that names only the fictitious name, rather than the user of the fictitious name, is insufficient to apprise the user of the lawsuit.

**{¶23}** Furthermore, the majority's opinion implicitly holds that when a fictitious name is served with a complaint, the requirements of service are satisfied as to the user. Therefore, unlike a defendant who was never served, the user of a fictitious name cannot seek relief from a default judgment against its fictitious name even when the user was never aware of the lawsuit.

**{¶24}** In this case, Bright's trial counsel claimed that they tried without success to determine the entity behind the Thomas E. Rardin Family Practice Center ("FPC") and consequently filed suit against FPC, the fictitious name. Even assuming that Bright's counsel used due diligence in their investigation, they had notice that Family Medicine Foundation, Inc. ("FMF") was the proper defendant, i.e., the user of the fictitious name, when counsel for another named defendant informed them that the FPC (the fictitious name) was owned and operated by FMF (the user). Despite this notice, Bright's counsel failed to seek leave to amend Bright's complaint to substitute or add FMF as a defendant. It was not until after they secured a default judgment that they acknowledged FMF's status by seeking a debtor's examination of FMF. These negligent actions should not be rewarded by interpreting R.C. 1329.10(C) to permit a plaintiff to sue a defendant naming the defendant only by its fictitious name.

**{¶25}** Thus, I believe that R.C. 1329.10(C) is not ambiguous and that the majority's attempted rationalization of its interpretation of R.C. 1329.10(C) is without support. The plain language of R.C. 1329.10(C) requires a lawsuit to be filed against the *user* of a fictitious name. The statute needs no interpretation; it is plain and clear. Accordingly, I respectfully dissent.

_____

Zeiger & Carpenter, L.L.P., Michael Romanello and Brian M. Gianangeli, for appellee.

Robins, Preston, Beckett, Hammond & Sewards and Gary W. Hammond, for appellants N. Gerald DiCuccio, Gail M. Zalimeni and Butler, Cincione, DiCuccio & Barnhart.

Harris, Turano & Mazza and John P. Mazza, for appellant Maria Nicole Bright.

———————————