OPINION
{¶ 1} This appeal involves two separate judgments of the Allen County Common Pleas Court. In the first judgment, the trial court denied Plaintiff-Appellant's, Immediate Pharmaceutical Services, Inc. ("Immediate Pharmaceutical"), motion to correct the record. In the second judgment, the trial court denied Immediate Pharmaceutical's Civ.R. 60(B) motion for relief from judgment. Immediate Pharmaceutical maintains that both motions should have been granted because Defendant-Appellee, Superior Metal Products, Inc., Employee Benefits Trust ("the Trust"), is merely a fictitious name under which Superior Metal Products, Inc. Group Medical and Dental Plan ("the Plan") conducted business. Having reviewed the entire record before us, we find that both motions were properly denied by the trial court. Accordingly, we overrule both of Immediate Pharmaceutical's assignments of error and affirm the decisions below.
 {¶ 2} On September 1, 1982, Superior Metal Products, Inc. ("Superior") established the Plan in order to provide medical and dental health benefits to its employees. That same day, Superior also created the Trust to hold and distribute the Plan's assets. In September of 1994, the Trust and Immediate Pharmaceutical entered into a contract whereby Immediate Pharmaceutical agreed to become the Trust's prescription drug service provider.
 {¶ 3} Around March of 1997, the Trust and Immediate Pharmaceutical became involved in a contractual dispute. Immediate Pharmaceutical claimed that the Trust owed them $273,511.45 for fulfilling the drug prescription of an eligible individual. The Trust refused to pay the $273,511.45, contending that the drug prescribed was not covered under the contract and that the individual the drug was prescribed for was not eligible for benefits.
 {¶ 4} Immediate Pharmaceutical brought suit against the Trust seeking enforcement of its claim. A jury returned a verdict in favor of Immediate Pharmaceutical. Immediate Pharmaceutical had the verdict reduced to a judgment totaling $708,187.84 at 1.5% interest per month until paid. After trying diligently to collect on this judgment, Immediate Pharmaceutical learned that the Trust had been terminated prior to the trial. The Trust claimed that its assets had been depleted in favor of other creditors and that it was unable to pay the judgment.
 {¶ 5} After learning that the Trust had been terminated and no longer had any assets, Immediate Pharmaceutical filed a motion with the trial court to correct the record. The basis of Immediate Pharmaceutical's motion was that, while it appeared the Trust and the Plan were legally separate entities, in fact, the Trust and the Plan were the same entity operating under different names. Immediate Pharmaceutical claimed that the Trust was merely a fictitious name being used by the Plan to conduct business. Immediate Pharmaceutical sought to have the record amended to enable a collection action against the Plan. In response to Immediate Pharmaceutical's motion to correct the record, the Trust filed a motion in opposition. After reviewing both parties' motions, the trial court denied the motion to correct the record, finding that the Trust and the Plan were separate and distinct legal entities.
 {¶ 6} Immediate Pharmaceutical appealed the trial court's judgment to this Court, while at the same time filing a motion for relief from judgment with the trial court. We granted Immediate Pharmaceutical a limited remand so that the trial court could consider the motion for relief from judgment. The trial court denied this motion as well, again finding that the Trust and the Plan were distinct legal entities and that Immediate Pharmaceutical had failed to allege a meritorious claim upon which relief could be granted.
 {¶ 7} Immediate Pharmaceutical appealed the denial of this motion also. Its appeal of the motion to correct the record and its appeal of the motion for relief from judgment were consolidated into the present appeal. Immediate Pharmaceutical presents two assignments of error for our review.
 Assignment of Error I The Trial Court committed prejudicial error in denyingPlaintiff-Appellant's motion to correct the record where thedocumentary evidence revealed multiple names used for the sameparty: Defendant-Appellee.
 {¶ 8} In the first assignment of error, Immediate Pharmaceutical contends that the trial court erred in denying the motion to correct the record. Immediate Pharmaceutical maintains the evidence produced at trial revealed that the Trust was merely an alias under which the Plan conducted business. As such, Immediate Pharmaceutical claims the record should have been corrected to reflect the fact that the Trust and the Plan are the same entity.
 {¶ 9} The party seeking to have the trial court correct the record bears the burden of showing by clear and convincing evidence that the record contains mistakes. Gill v. Pelkey
(1896), 54 Ohio St. 348, 365-366. In reviewing a motion to correct the record, an appellate court will not reverse a trial court's judgment that is supported by competent and credible evidence absent an abuse of discretion. State v. Keene (1998),81 Ohio St.3d 646, 665, quoting State v. Schiebel (1990),55 Ohio St.3d 71, 82; see, also, North Ridgeville v. Smith (Feb. 21, 2001), 9th Dist. No. 00CA007579, unreported. An abuse of discretion will only be found where the decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} Typically, a motion to correct the record is reserved for clerical mistakes or typographical errors. This is not the sort of correction, however, that Immediate Pharmaceutical was attempting to have the trial court consider in the disputed motion herein. The majority of Immediate Pharmaceutical's contentions in support of its motion to correct the record involve allegations of fraud and deceit on the part of either the Plan or Superior. The cases Immediate Pharmaceutical cites in support of its assignment of error, such as, Family MedicineFoundation, Inc. v. Bright, 96 Ohio St.3d 183, 2002-Ohio-4034
and Zinn v. Pine Haven, Inc. (Aug. 12, 1982), 5th Dist. No. 1578, unreported, are not on point to the relevant issues that were before the trial court. These cases address the commencement or maintenance of collection actions against entities who tried to avoid judgments with fictitious names. Neither side is disputing the premise that, under certain circumstances, collection efforts may be initiated against an entity based on judgments incurred by that entity under fictitious names or aliases. However, the trial court had before it neither the commencement of a collection action against the Plan nor the issue of fraudulent activities on the part of the Plan. The only proceeding before the court was a motion to correct the record. The valid issue before the trial court based on that motion was whether the record reflected a mistake by treating the Trust and the Plan as separate entities. A motion to correct the record is not the proper forum to address allegations of fraudulent transfers or of other issues of fraud and misconduct not at issue during the trial. We find that the evidence Immediate Pharmaceutical provided at trial fails to support its contention that the Trust and the Plan are but a single entity.
 {¶ 11} Immediate Pharmaceutical claims that there was ample evidence in the record tending to show that the Trust and the Plan were used interchangeably on certain documents. It points to various parts of the record that ambiguously deal with the actual legal name of the entity involved. Immediate Pharmaceutical cites to Forest City Tree Protector Co. v. Crotty (Jan. 9, 1992), 8th Dist. No. 59443, unreported, for the premise that a motion to correct the record is appropriate to substitute an entity's real name for the fictitious name used during trial. Once again, Immediate Pharmaceutical's case law is accurate, but not apposite to the facts at hand The trial court in Forest City found the evidence proved that the party listed on the judgment and the party sought to be added to the judgment was the same person. In the case before us, the trial court specifically found that the Trust and the Plan were not the same entity.
 {¶ 12} Looking at the record that was before the trial court, we find that the majority of the evidence shows the Trust and the Plan are legally separate entities. Testimony and documentary evidence established that the Trust and the Plan were created separately and performed entirely different functions. The Plan established the health care benefits, and the Trust managed and distributed the assets of the Plan. While Immediate Pharmaceutical did point out some discrepancies in the record concerning how the Plan and the Trust were at times referred to, Immediate Pharmaceutical has failed to show this court any evidence that the Trust and the Plan were not legally separate entities. Essentially, Immediate Pharmaceutical is attempting to add an entirely new defendant to an already rendered verdict and judgment. A motion to correct the record is not the proper method to pursue these remedies.
 {¶ 13} Accordingly, we find that there was competent and credible evidence supporting the trial court's finding that the Trust and the Plan are legally separate entities. Furthermore, we find that the trial court did not abuse its discretion by denying the motion to correct the record, and we overrule Immediate Pharmaceutical's first assignment of error.
 Assignment of Error II The Trial Court committed prejudicial error in denyingPlaintiff-Appellant's motion for relief from judgment where theevidence presented by Plaintiff-Appellant timely demonstrated ameritorious claim and Defendant-Appellee filed no opposition.
 {¶ 14} Immediate Pharmaceutical's second assignment of error is based on essentially the same factual and legal arguments that have already been discussed above. Immediate Pharmaceutical asserts that the Trust and the Plan are a single legal entity and that the trial court's judgment that Immediate Pharmaceutical had no meritorious claim was error. Based on our discussion of Immediate Pharmaceutical's first assignment of error, we find that the second assignment of error has no merit. Accordingly, we overrule Immediate Pharmaceutical's second assignment of error and affirm the decision of the trial court.
 {¶ 15} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
 Shaw, P.J., and Bryant, J., concur.