[Cite as *Stewart v. Depth Constr.*, 2013-Ohio-3517.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| EMIL STEWART | | C.A. No.    26643 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DEPTH CONSTRUCTION, et al. | | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellees | | CASE No.    11 CVF 05396 |

DECISION AND JOURNAL ENTRY

Dated: August 14, 2013

CARR, Judge.

{¶1}    Appellant Emil Stewart appeals the judgment of the Akron Municipal Court that granted summary judgment in favor of Depth Construction.  This Court reverses and remands.

I.

{¶2}    On June 20, 2011, Mr. Stewart filed a complaint against Depth Construction, alleging that the business had breached the terms of the contractor warranty with regard to work performed by the company on Mr. Stewart's property.  "Depth Construction" filed an answer, denying the allegations in the complaint and raising numerous affirmative defenses.  "Depth Construction" did not, however, raise the affirmative defense that Mr. Stewart was attempting to sue a non-entity.  In addition, the sole named defendant continued to defend itself in the name of "Depth Construction."   For example, Depth Construction filed a Notice of Service of Defendant's First Set of Requests for Productions of Documents and Interrogatories to Plaintiff Emil Stewart, and a Notice of Service of Defendant's Responses to Plaintiff's First Set of

Interrogatories Propounded to the Defendant. In addition, Depth Construction filed a motion for leave to file a third-party complaint. After the trial court granted leave, Depth Construction filed a third-party complaint against Crano Excavating and P.R.A.C., seeking contribution and indemnification by those two companies. Crano Excavating filed an answer, while P.R.A.C. moved to dismiss pursuant to Civ.R. 12(B)(6). Depth Construction filed a brief in opposition to P.R.A.C.'s motion to dismiss. The trial court denied P.R.A.C.'s motion to dismiss on the merits and ordered that company to file an answer to Depth Construction's third-party complaint within fourteen days.

{¶3} After the case had pended before the trial court for just under a year, the defendant, in the name of Robert Belknap dba Depth Construction, filed a motion for summary judgment on Mr. Stewart's complaint, for the first time arguing that Depth Construction was a sole proprietorship without capacity to be sued and that Mr. Stewart's claims were discharged as a result of Mr. Belknap's personal bankruptcy. The trial court initially ordered the motion for summary judgment stricken from the record because it was filed without leave, but later granted leave to the defendant to file the motion. Mr. Stewart filed a brief in opposition to the motion and the defendant replied. The trial court granted the defendant's motion for summary judgment upon finding that Depth Construction was a sole proprietorship through Mr. Belknap and, therefore, was not a legal entity that could be sued; and that Mr. Belknap's bankruptcy proceedings discharged any debt underlying Mr. Stewart's lawsuit. In addition, the trial court dismissed without prejudice Depth Construction's third-party complaint against Crano Excavating and P.R.A.C., not because Depth Construction was not a legal entity that had no capacity to sue, but because it found that the third-party complaint was derivative of the outcome

of Mr. Stewart's complaint on which it had rendered judgment in favor of Mr. Belknap. Mr. Stewart filed a timely appeal in which he raises one assignment of error for review.

## II.

## ASSIGNMENT OF ERROR

> THE TRIAL COURT'S DECISION TO GRANT SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE DEPTH CONSTRUCTION CONSTITUTES REVERS[I]BLE ERROR.

{¶4} Mr. Stewart argues that the trial court erred by granting summary judgment in favor of Depth Construction.[1] This Court agrees.

{¶5} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶6} Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶7} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue

---

[1] Although the trial court found that Depth Construction was not a legal entity against whom judgment could be rendered, it apparently found no inconsistency in rendering judgment in favor of the same entity as it wrote in its judgment entry that the motion was filed by "Depth Construction."

as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶8} The non-moving party's reciprocal burden does not arise until after the moving party has met its initial evidentiary burden. To do so, the moving party must set forth evidence of the limited types enumerated in Civ.R. 56(C), specifically, "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R. 56(C) further provides that "[n]o evidence or stipulation may be considered except as stated in this rule."

{¶9} The trial court granted summary judgment in favor of the defendant upon finding that Depth Construction was a sole proprietorship through Mr. Belknap and, therefore, not a legal entity. Accordingly, it concluded that any judgment rendered against Depth Construction would be void. The trial court relied on *Patterson v. V&M Auto Body*, 63 Ohio St.3d 573 (1992), and *Cobble v. Farmers' Bank*, 63 Ohio St. 528 (1900), to support its judgment. This Court concludes that the trial court erred in its application of the law.

{¶10} As an initial matter, this Court disagrees that Mr. Belknap established that Depth Construction was a sole proprietorship, a finding that served as the foundation of the trial court's judgment. The defendant appended Mr. Belknap's affidavit to the motion for summary

judgment. While Mr. Belknap averred that Depth Construction was an unincorporated business for which he was the owner and operator, he did not expressly aver that the business was a sole proprietorship. Nor does his statement mean that Depth Construction could only have been a sole proprietorship. Businesses have "operators," i.e., those who manage the business, as well as persons who have an ownership interest in the business. Moreover, there are various business entities, recognized as legal entities, which are unincorporated. *See, e.g.,* R.C. 1705.01(D) and R.C. 1782.01(C) (defining "entity" to include business, investment, and common law trusts; limited liability companies; unincorporated business organizations, including general and limited partnerships; and limited liability companies). Moreover, while Mr. Belknap appended a copy of his voluntary petition for bankruptcy to his motion, he petitioned as an Individual Debtor and listed only his personal name on the petition despite the fact that the petition asked for "All Other Names used by the Debtor in the last 8 years" including "trade names." None of the bankruptcy documents attached to the motion made any reference to Depth Construction. Accordingly, this Court concludes that the defendant failed to meet the initial burden under *Dresher* to establish that Mr. Belknap and Depth Construction were one in the same.

{¶11} Even if Mr. Belknap had demonstrated that Depth Construction was a sole proprietorship, however, the trial court erred concluding that Mr. Stewart could not sue Depth Construction. R.C. 1329.01(B) and (D) allow a person to report any fictitious name or register any trade name under which the person is operating a business with the secretary of state. R.C. 1329.10(B) precludes any person doing business under a trade name or fictitious name from commencing or maintaining an action in the trade name or fictitious name unless the person has first registered the trade name with or reported the fictitious name to the secretary of state. R.C. 1329.10(C) addresses actions against businesses operating under trade names or fictitious names

and provides: "An action may be commenced or maintained against the user of a trade name or fictitious name whether or not the name has been registered or reported in compliance with section 1329.01 of the Revised Code."

**{¶12}** The Ohio Supreme Court analyzed whether application of the statutory phrase "the user of" the trade or fictitious name means that an action could be commenced or maintained against a party named solely by its trade or fictitious name and held that it could. *Family Medicine Found., Inc. v. Bright*, 96 Ohio St.3d 183, 2002-Ohio-4034. The *Bright* court concluded that R.C. 1329.10(C) was ambiguous and so looked to the legislative purpose behind the rule. The high court reasoned that, because the statute's purpose is "to encourage the registration and reporting of fictitious names with the state[,]" any interpretation concluding that the statute prohibited suits against a party named only by a fictitious name would act as a disincentive for persons to comply with the statutory registration and reporting requirements. *Id.* at ¶ 10. Accordingly, the Ohio Supreme Court held that "R.C. 1329.10(C) permits a plaintiff to bring suit against a party named only by its fictitious name." *Id.* at ¶ 15; *see also Martin v. Bedroom Emporium*, 9th Dist. Summit No. 18509, 1997 WL 803081 (Dec. 24, 1997).

**{¶13}** The *Bright* court distinguished its earlier decision in *Patterson v. V&M Auto Body*, 63 Ohio St.3d 573 (1992), the case upon which the trial court relied in this matter. The *Bright* court emphasized that its earlier holding that "a plaintiff may not maintain an action against a defendant solely under a fictitious name" was only applicable under the limited circumstances "where the plaintiff knows that the defendant does business as a sole proprietor." *Bright* at ¶ 12. In *Patterson*, the high court emphasized that the plaintiff was repeatedly put on notice throughout the pendency of the case that the party he sued was a sole proprietorship, yet the plaintiff failed to move to amend his complaint to name the person using that fictitious name.

*Patterson*, 63 Ohio St.3d at 575-576. Moreover, the *Patterson* court emphasized that the person using the fictitious name was aware of the lawsuit, had in fact appeared to vigorously defend, and would not have suffered any prejudice had the plaintiff moved for and obtained leave to amend his complaint to name the person using the fictitious name. *Id*. That is not the case here, where (1) there was no indication in the contract upon which Mr. Stewart sued that Depth Construction was a sole proprietorship, (2) Depth Construction filed an answer under the fictitious name without raising an affirmative defense that it was not a legal entity that could be sued, (3) Depth Construction participated in discovery under the fictitious name, (4) Depth Construction filed a third-party complaint under the fictitious name, (5) Depth Construction challenged a third-party defendant's motion to dismiss for failure to state a claim under the fictitious name, and (6) "Robert Belknap dba Depth Construction" did not appear in the case until a year after the complaint was filed and only challenged Depth Construction's capacity to be sued in a motion for summary judgment.

{¶14} This Court further concludes that the trial court's reliance on *Cobble v. Farmers' Bank, supra*, was misplaced. That case involved a banking partnership that commenced an action in its fictitious name, seeking to collect on a cognovit note. Based on provisions in a statute that were substantially similar to R.C. 1329.10(B) rather than R.C. 1329.10(C), the Ohio Supreme Court concluded that judgment in favor of the fictitious entity could not stand. 63 Ohio St. at 540-541. Requiring registration or reporting of a fictitious name under which a person does business before allowing the entity to commence a legal action against someone serves the legislative purpose of encouraging registration or reporting. The converse, however, is not true. As the Ohio Supreme Court recognized in *Bright*, requiring a person to register or report a fictitious name under which he does business before another may sue the business under its

fictitious name, i.e., the only name the plaintiff is likely to know, would encourage business owners to avoid compliance with the statutory registration and reporting requirements. *Bright* at ¶ 10. Accordingly, as *Cobble* is substantially distinguishable on its face, the trial court's reliance on that case was misplaced.

{¶15} Based on this Court's de novo review, we conclude that Depth Construction failed to present any evidence to demonstrate that it was a sole proprietorship. Moreover, Depth Construction failed to present any evidence that any business debts were discharged pursuant to Mr. Belknap's individual bankruptcy, particularly where the bankruptcy petition did not name Depth Construction as a name or trade name used by Mr. Belknap during the prior eight years. Even assuming, however, that Depth Construction was a sole proprietorship with no individual identity, the trial court erred as a matter of law in determining that Mr. Stewart could not initiate and maintain an action against Depth Construction in its fictitious or trade name. Mr. Belknap did not present any evidence to indicate that Mr. Stewart knew or should have known that Depth Construction was merely a fictitious name and that Mr. Belknap was the person using that name for business. Furthermore, because the defendant failed to present evidence that Depth Construction was a sole proprietorship and that Mr. Belknap was solely responsible for all business debts, the trial court erred by concluding that Mr. Belknap's individual bankruptcy discharged any claims brought in this matter by Mr. Stewart against Depth Construction. Under these circumstances, Depth Construction failed to meet its initial burden under *Dresher* to show that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. Accordingly, the trial court erred in granting summary judgment in favor of the defendant. Mr. Stewart's assignment of error is sustained.

III.

{¶16} Mr. Stewart's assignment of error is sustained. The judgment of the Akron Municipal Court is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee Depth Construction.

———

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

DANIEL S. WHITE, Attorney at Law, for Appellant.

MARK A. GREER, JAMIE A. PRICE and MARK D. THOMPSON, Attorneys at Law, for Appellee.

R.S. HALEY, Attorney at Law, for Appellee.

E. MARK YOUNG, Attorney at Law, for Appellee.