[Cite as *Meadows v. Jackson Ridge Rehab. & Care*, 2019-Ohio-2879.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| RHONDA MEADOWS | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2018 CA 00184 |
| JACKSON RIDGE REHABILITATION and CARE, et al. | |
| | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Case No. 2015 CV 02169


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     July 15, 2019


APPEARANCES:

For Plaintiff-Appellee

ROBERT J. TSCHOLL
400 South Main Street
North Canton, Ohio 44720

For Defendants-Appellants

G. BRENDA COEY
THE COEY LAW FIRM LLC
29225 Chagrin Blvd., Suite 230
Cleveland, Ohio 44122

*Wise, J.*

{¶1} Defendant-appellants Jackson Ridge Rehabilitation and Care and Providence Healthcare Management, Inc. [collectively "Appellants"] appeal the December 5, 2018, Judgment Entry of the Stark County Court of Common Pleas granting Appellee Rhonda Meadows' motion for attorney fees.

## STATEMENT OF THE FACTS AND CASE

{¶2} The relevant facts and procedural history are as follows.

{¶3} Appellee Rhonda Meadows is a registered nurse. She was hired by Appellants to be the director of nursing at Jackson Ridge Rehabilitation and Care in September 2014. Jackson Ridge is the registered trade name of Gaslite Leasing, LLC and Providence Healthcare Management is an affiliated management company.

{¶4} Meadows' terms of employment included health care under the employer sponsored health care plan. Meadows took advantage of that offered benefit and began working for Appellants at Jackson Ridge on or about October 17, 2014.

{¶5} In May 2015, Meadows suffered an acute medical condition and required time off for surgery. Meadows contacted Appellants' management regarding her need for surgery. Appellants requested that Meadows wait until the annual survey was completed before surgery was scheduled.

{¶6} In mid-June 2015, Meadows medical condition became emergent and she returned to her physician. The surgery was scheduled for June 26, 2015. Meadows immediately conveyed to Appellants her need for surgery. Meadows claimed that she was informed on June 25, 2015 that if she had the surgery she would be terminated from her employment.

{¶7} Meadows claimed she had the surgery to relieve her pain on June 26, 2015. She later learned that not only had Appellants terminated her employment on June 25, 2015, but they had terminated her health care insurance as well, so her surgery and hospital stay were not covered. However, Meadows contended that Appellants continued to deduct health care premiums from her pay, which was shown on her last pay stub on July 3, 2015.

{¶8} Meadows filed suit on October 16, 2015.

{¶9} On October 23, 2015, Jackson Ridge received service of Meadows' Complaint.

{¶10} Jackson Ridge failed to timely answer, and Meadows moved the trial court for default judgment against Appellants on Friday, December 4, 2015.

{¶11} On Monday, December 7, 2015, the trial court granted default judgment.

{¶12} On December 11, 2015, Jackson Ridge moved the trial court for leave to file its Answer *instanter*.

{¶13} On December 15, 2015, Appellants filed a Civ.R. 60(B) Motion for Relief from Judgment.

{¶14} On August 25, 2016, following a hearing conducted by the Magistrate, the trial court denied these Motions.

{¶15} On September 9, 2016, the trial court set a Damage hearing for October 27, 2016.

{¶16} On September 23, 2016, Appellant filed a Notice of Appeal with this Court. *See* Case No. 2016 CA 00174.

**{¶17}**  On October 24, 2016, this Court dismissed the appeal as not a final appealable order.

**{¶18}**  The trial court reset the damage hearing for December 16, 2016.

**{¶19}**  On December 15, 2016, Appellants filed a Motion to Dismiss for Lack of Jurisdiction.  The parties briefed the Motion and it was denied on April 26, 2017.

**{¶20}**  The trial court set a third damages hearing for May 18, 2017.

**{¶21}**  On May 18, 2017, Appellee and her counsel appeared.  Appellants and their counsel did not. The magistrate called the Appellant's attorney and learned that the attorney had left the firm and had not updated her address with the Stark County Common Pleas Court or with the Ohio Supreme Court.  (May 18, 2017, T. at 3-4).

**{¶22}**  The magistrate proceeded with the hearing on May 18, 2017 and entered a decision on June 21, 2017.   The Court entered judgment for Meadows and against Appellants in the amount of Seventy-Three Thousand Three Hundred Fifty-Seven 05/100 Dollars ($73,357.05) plus interest.

**{¶23}**  On June 30, 2017, Appellants filed a Motion for Stay and objections to the magistrate's decision.

**{¶24}**  On July 3, 2017, Appellants filed a motion to set aside the judgment of June 21, 2017.

**{¶25}**  On October 5, 2017, the trial court overruled those objections and adopted the Magistrate's Decision as a Final Entry.

**{¶26}**  Appellants appealed the trial court's judgment entry to this Court, which dismissed the appeal for lack of a final appealable order based on the fact that the trial court failed to explicitly rule on the issue of attorney fees. *See* Case No. 2017CA00207.

**{¶27}** On September 7, 2018, subsequent to the remand, Appellants filed a Motion for Reconsideration, arguing that Appellee's claims were completely pre-empted and within the exclusive jurisdiction of the federal courts.

**{¶28}** By Judgment Entry filed November 6, 2018, the trial court denied Appellants' motion for reconsideration.

**{¶29}** By Magistrate's Decision/Judgment Entry filed December 5, 2018, the trial court granted Appellee's motion for attorney fees, entering judgment in favor of Appellee in the amount of Nineteen Thousand Dollars ($19,000.00).

**{¶30}** Appellants now appeal, raising the following assignments of error:

<u>ASSIGNMENTS OF ERROR</u>

**{¶31}** "I. THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO DECIDE PLAINTIFF-APPELLEE'S CLAIMS.

**{¶32}** "II. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR DEFAULT JUDGMENT AND DENYING DEFENDANTS-APPELLANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT.

**{¶33}** "III. THE TRIAL COURT ERRED IN AWARDING DAMAGES BEYOND THOSE AUTHORIZED BY STATUTE."

I.

**{¶34}** In their first assignment of error, Appellants argue that the trial court lacked subject matter jurisdiction to hear Appellee's claims. We disagree.

**{¶35}** Subject-matter jurisdiction is a threshold issue and must be determined prior to the merits. Appellants assert that the trial court's interpretation of ERISA is wrong. However, Appellants' argument erroneously equates preemption with jurisdiction.

**{¶36}** Generally, state tribunals have the authority to decide questions of federal law, including questions of federal preemption. *El Paso Natural Gas Co. v. Neztsosie* (1999), 526 U.S. 473, 486, 119 S.Ct. 1430, 143 L.Ed.2d 635, fn. 7 ("Under normal circumstances, * * * state courts * * * can and do decide questions of federal law, and there is no reason to think that questions of federal preemption are any different"). A state tribunal is not deprived of jurisdiction to decide federal questions unless Congress intends a federal forum to be the exclusive jurisdiction in an area, such as it did in the case of the NLRB. *See Internatl. Longshoremen's Assn., AFL–CIO v. Davis* (1986), 476 U.S. 380, 391, 106 S.Ct. 1904, 90 L.Ed.2d 389 (holding that preemption under *Garmon* extinguishes state jurisdiction). In Section 77r, however, Congress has not expressed such an intention, and in fact, has merely designated a choice of federal law over state law. Therefore, in this matter, preemption is unrelated to jurisdiction, and jurisdiction remains a threshold question.

**{¶37}** In the case of *Cunningham v. Aultcare Corporation,* 5th Dist. No. 2002–CA–00375, 2003–Ohio–3085, this Court discussed the preemption of Ohio law by federal law. We said:

> At issue in this case is whether, in the case *sub judice*, Ohio law is preempted by federal law with respect to the enforceability of the reimbursement clause in the insurance contract between appellant and appellees. In order to address such issue, we must first distinguish between complete preemption and ordinary preemption. * * * [A] plaintiff may generally avoid federal jurisdiction entirely by pleading solely state law claims. *Franchise Tax Bd. of Calif. v. Constr. Laborers Vacation Trust for S.*

*Cal.* (1983), 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420. However, there is an exception to this general rule. If federal law *completely* preempts a plaintiff's state law claim, regardless of the artfulness of the pleading, a plaintiff cannot escape federal jurisdiction. *Botsford v. Blue Cross and Blue Shield of Montana, Inc.* (2002), 314 F.3d 390. "To preempt state-law causes of action completely, federal law must both: (1) conflict with state law (conflict preemption) and (2) provide remedies that displace state law remedies (displacement)." *Id.* at 393. While *ordinary* preemption is a defense to the application of state law and may be invoked in either federal or state court, in contrast, *complete* preemption provides a basis for federal jurisdiction as opposed to simply a defense. *See Caterpiller, Inc. v. Williams* (1987), 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318. In the case of complete preemption, removal to federal court is proper. *See Bastien v. AT & T Wireless Services, Inc.,* (2000), 205 F.3d 983. *Cunningham,* ¶ 15, emphasis *sic.*

**{¶38}** In *Richland Hospital, Inc. v. Ralyon,* 33 Ohio St.3d 87, 516 N.E.2d 1236 (1987), the Ohio Supreme Court found state and federal courts have concurrent jurisdiction to determine benefits and award attorney fees in an appropriate case, but state courts have no jurisdiction to determine what the court termed "extracontractual benefits", such as punitive damages. The court also found federal courts have exclusive jurisdiction over claims for breach of fiduciary duty.

**{¶39}** In the case at bar, Meadows brought a claim under the Employee Income Retirement Security Act of 1974 ["ERISA"], seeking reimbursement of the healthcare

costs she incurred as a result of the cancellation of her healthcare coverage and interference with her rights to use the plan, breach of contract, and bad faith. Appellee did not bring a breach of fiduciary duty claim. As stated above, Appellants failed to respond to the Complaint, and the trial court entered Default Judgment.

**{¶40}** In *Raylon,* the Ohio Supreme Court reviewed a case similar to the one at bar. Plaintiffs received verification of medical benefits coverage from a plan trustee, and one of the plaintiffs then received treatment requiring a forty-day stay in a hospital. Subsequently, the insurance provider denied the plaintiffs' claim for benefits, determining that, because the hospital lacked on-site surgical facilities, it was not a "hospital" within the plan's definition of a covered hospital. The patient and her husband brought suit against the insurance company for expressly, intentionally and maliciously misrepresenting the plan coverage and asked for indemnification of the hospital and doctor bills they had incurred, as well as punitive damages and attorney fees. The Ohio Supreme Court cited Section 1132(e)(1), Title 29, U.S.Code distinguishing between exclusive jurisdiction of federal courts and concurrent jurisdiction between state and federal courts. It provides:

> (e)(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

Subsection (a)(1)(B) provides a participant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

{¶41} The Supreme Court interpreted the above language to mean the common pleas court had concurrent jurisdiction over the claims for denial of benefits and for attorney fees, but ERISA vested exclusive jurisdiction to federal courts for punitive damages. The court vacated the award of punitive damages and remanded the remainder of the case to the trial court because it had applied Ohio state law instead of ERISA. It did not order the trial court to dismiss the action for lack of jurisdiction, even though it appears there were no state-law claims in the case.

{¶42} We have reviewed the complaint and find it does not appear beyond doubt that appellee can prove no set of facts warranting a recovery under both state law and federal law. We further find the trial court has concurrent jurisdiction with the federal courts and can apply federal law to the ERISA claims.

{¶43} Appellants' first assignment of error is overruled.

**II.**

{¶44} In their second assignment of error, Appellants argue the trial court erred in denying Appellants' Civ.R. 60(B) motion seeking relief from judgment.

{¶45} Civ.R. 60(B) states as follows:

(B) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order

or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

**{¶46}** A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶47}** In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present

if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

**{¶48}** Appellants, in the case *sub judice*, allege in their motion that they were entitled to relief from judgment because Providence Healthcare Management timely answered the Complaint after being served with the Summons and Complaint on December 22, 2015, and (2) Jackson Ridge's failure to answer was due to excusable neglect.

**{¶49}** Initially, we find that Appellee attempted service on Providence Healthcare through its statutory agent at the registered address. Service upon a corporation may be achieved by serving the statutory agent of the corporation. R.C. §1701.07(H); Civ.R. 4.2(F). The statutory agent may be served at the address as it "appears upon the record in the office of the secretary of state." R.C. §1701.07(H). If the statutory agent changes the address from that appearing upon the record in the office of the Secretary of State, the corporation or statutory agent "*shall* forthwith file" the new address with the Secretary of State. (Emphasis added.) R.C. §1701.07(E).

**{¶50}** Further, we find that both Providence and Gaslite had actual notice in this matter. An Affidavit filed by Appellants demonstrates that Gaslite informed Providence of the lawsuit prior to the Answer date, however, Providence failed to file a timely answer.

**{¶51}** In the instant case, Appellee served Gaslite Leasing, LLC with a copy of the Complaint on October 23, 2015. Appellee served Jackson Ridge as a registered trade name of Gaslite Leasing, LLC.

**{¶52}** R.C. §1329.10(C) provides that "[a]n action may be commenced or maintained against the user of a trade name or fictitious name whether or not the name has been registered or reported in compliance with R.C. §1329.01 of the Revised Code."

**{¶53}** R.C. §1309.01(A)(2) defines a "fictitious name" as a "name used in business or trade that is fictitious and that the user has not registered or is not entitled to register as a trade name."

**{¶54}** The purpose of R.C. §1329.10 is to encourage the registration and reporting of fictitious names with the state. *Family Med. Found., Inc. v. Bright,* 96 Ohio St.3d 183, 2002-Ohio-4034, 772 N.E.2d 1177, ¶ 10. Thus, the Ohio Supreme Court held in *Family Med. Found.* that "we believe that the General Assembly intended for R.C. 1329.10(C) to allow suit to be brought against a fictitious party named only by its fictitious name." *Id.* It stated that it agreed with the statement that a defendant should not be allowed "to profit by the confusion resulting from its having done business under a fictitious name." *Id.* at ¶ 11, 772 N.E.2d 1177, quoting *Zinn v. Pine Haven, Inc.,* 5th Dist. Tuscarawas No. 1578, 1982 Ohio App. LEXIS 14133, *4, 1982 WL 11268 (Aug. 12, 1982).

**{¶55}** Appellants specifically argue the trial court erred in finding no excusable neglect. Appellants argue that they forwarded the Complaint to their legal counsel, and due to a miscommunication they were under the mistaken belief that counsel had filed an answer.

**{¶56}**  To determine whether neglect is "excusable" under Civ.R. 60(B)(1), a court must consider all the surrounding facts and circumstances. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 520 N.E.2d 564 (1988). Excusable neglect has been defined as some action "not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident." *Maggiore v. Barensfeld*, 5th Dist. Stark Nos. 2011CA00180, 2012-Ohio-2909, 2012 WL 2415184.

**{¶57}**  It is well-settled that mere carelessness on a litigant's part, or on the part of his or her attorney, is not sufficient to rise to the level of mistake, inadvertence, surprise, or excusable neglect. *Muskingum Watershed Conservatory District v. Kellar*, 5th Dist. Tuscarawas No. 2011AP020009, 2011-Ohio-6889, 2011 WL 6949234; *Blaney v. Kerrigan*, 5th Dist. Fairfield No. 12–CA–86, 1986 WL 8646 (Aug. 4, 1986). "Excusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring." *Maggiore v. Barensfeld*, 5th Dist. Stark Nos. 2011CA00180, 2011CA00230, 2012-Ohio-2909, 2012 WL 2415184; *Stevens v. Stevens*, 5th Dist. Fairfield No. 16-CA-17, 2016-Ohio-7925.

**{¶58}**  Based on the foregoing, we find that the trial court did not err in denying appellants' 60(B) motion for relief for judgment.

**{¶59}**  Appellants' second assignment of error is overruled.

**III.**

**{¶60}**  In their third assignment of error, Appellants argue the trial court erred in awarding damages beyond those authorized by statute. We disagree.

**{¶61}** Appellants herein argue that the only damages available under ERISA were damages for back pay and medical bills. Appellants maintain that the damages awarded by the trial court for compensatory damages, full medical bills, front pay/diminution of wages, and punitive damages were improper.

**{¶62}** Initially we note that Appellants failed to answer the Complaint in this matter and failed to show and/or defend at the damages hearing. The place for Appellants to contest whether, and to what extent, they are liable to Appellee in damages is in the court where the civil action was filed.

**{¶63}** We further find Appellants did not file objections to the Magistrate's Decision on Attorney fees as required by Civ.R. 53. We therefore agree with Appellee that Appellants have waived their right to appeal the magistrate's decision and the trial court's adoption of the same.

**{¶64}** As we explained in *Lemon v. Lemon*, 5th Dist. Stark No. 2010CA00319, 2011–Ohio–1878 ¶ 63–64:

**{¶65}** Civ.R. 53(D)(3)(b)(iv) provides that "[a] party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusion * * * unless the party has objected to that finding or conclusion * * *." *See, e.g., Stamatakis v. Robinson* (January 27, 1997), Stark App.No. 96CA303; *Kademenos v. Mercedes–Benz of North America, Inc.* (March 3, 1999), Stark App. No. 98CA50.

**{¶66}** Civ.R. 53(D)(3)(b)(iv) further provides: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law

under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

**{¶67}** However, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. *Dorsey v. Dorsey*, Fifth Dist. App.No. 2009-CA-00065, 2009-Ohio-4894; *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099, 1997-Ohio-401, at syllabus.

**{¶68}** Based upon the failure of Appellants to object to the magistrate's decision, and our failure to find any plain error, we reject Appellants' third assignment of error and hereby overrule same,

**{¶69}** The judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/d 0702