OPINION
{¶ 1} Appellee-appellant, the Division of Mineral Resources Management (the "Division"), appeals from the order of the Reclamation Commission (the "Commission") ganting the motion to quash service filed by appellant-appellee, Lyndon Property Insurance ("Lyndon"). Because we lack jurisdiction to hear this appeal, we dismiss.
 {¶ 2} On August 18, 2003, the Chief of the Division ("Chief") issued Order No. 7275 to Varkony Mining Company ("Varkony") and Lyndon declaring that Varkony had failed to reclaim 192.1 acres of land that Varkony had previously mined in Harrison County, Ohio. Due to Varkony's failure, Order No. 7275 requested that Lyndon, as the surety, perform its obligation to reclaim the land. The Chief required Lyndon to supply him written notice of whether it would perform its obligation within 60 days. When the Chief neither received this notification nor did Lyndon begin reclamation of the property, the Chief issued Order No. 7281, terminating Lyndon's right to reclaim the property and demanding that Lyndon pay $180,062.50 so that the Division could reclaim the property. This order, issued February 23, 2004, informed Lyndon of its right to appeal the order to the Commission by filing a notice of appeal within 30 days of its receipt of the order.
 {¶ 3} The Division mailed Order No. 7281 by certified mail to Lyndon at 367 West Short Street, Lexington, Kentucky, and received in return a signed certified mail receipt dated February 27, 2004. On April 2, 2004, Lyndon filed a notice of appeal to the Commission. In response, the Division filed a motion to dismiss, in which it requested that the Commission dismiss Lyndon's appeal with prejudice because it was filed over 30 days after February 27, 2004, the date of delivery on the certified mail receipt.
 {¶ 4} Lyndon filed a memorandum in opposition to the Division's motion to dismiss and a motion to quash service. Lyndon presented evidence that the address to which the Division mailed Order No. 7281 was that of Cumberland Surety ("Cumberland"), not Lyndon. Lyndon asserted that it had never been located at the Lexington, Kentucky address and that, in actuality, it was headquartered in Chesterfield, Missouri, at an address that it had previously supplied to the Division. Lyndon acknowledged that Cumberland was Lyndon's bonding agent, but asserted that the scope of Cumberland's authority was limited and did not include accepting service.
 {¶ 5} In reply to Lyndon's memorandum in opposition and motion to quash, the Division pointed out that it mailed Order No. 7281 to the address Lyndon had listed in the surety bond Lyndon itself posted and that Lyndon's agent received the Order. Thus, the Division argued Lyndon was properly served and Lyndon's failure to timely file its notice of appeal warranted dismissal.
 {¶ 6} On July 1, 2004, the Commission issued an order granting Lyndon's motion to quash. The Commission held that the Division did not give Order No. 7281 to "the person whose rights, duties, or privileges [were] affected," as R.C. 1513.11 required it to do, when it mailed the Order to Cumberland instead of serving it upon Lyndon at its Missouri address or its Ohio statutory agent.
 {¶ 7} On August 2, 2004, the Division filed a notice of appeal from the Commission's order in this court. During the pendency of this appeal, Lyndon filed a motion to dismiss for lack of jurisdiction.
 {¶ 8} On appeal, the Division assigns the following errors:
1. The Mining and Reclamation Commission erred in failing to determine that, when a general bonding agent of a surety company is served with a notice of termination issued by both Chief of the Division of Mineral Resources Management, the surety company is bound by the service of the notice.
2. The Mining and Reclamation Commission erred in its failure to determine that, where a party does not raise the defense of lack of personal jurisdiction in a notice of appeal, such defense is deemed waived.
 {¶ 9} Because Lyndon's motion is dispositive, we will address it first. In its motion to dismiss, Lyndon argues, in part, that this court lacks jurisdiction to hear the Division's appeal because R.C. 1513.14(A) invests exclusive jurisdiction in the court of appeals for Harrison County, the location of the property to be reclaimed. We agree.
 {¶ 10} Courts of appeal only have such jurisdiction to review administrative decisions as the law provides. Section 3(B)(2), ArticleIV, Ohio Constitution. According to R.C. 1513.14(A):
Any party aggrieved or adversely affected by a decision of the reclamation commission may appeal to the court of appeals for the county in which the activity addressed by the decision of the commission occurred, is occurring, or will occur, which court has exclusive jurisdiction over the appeal.
Thus, pursuant to R.C. 1513.14(A), only the court in the county in which "the activity addressed by the [Commission's] decision" occurred, is occurring, or will occur has jurisdiction to hear this appeal.
 {¶ 11} Lyndon argues that the underlying "activity addressed by the [commission's] decision" is the reclamation of the 192.1 acres in Harrison County. The Division, however, argues that "the activity addressed by the [Commission's] decision" is the Division's mailing of Order No. 7281. Because the Division mailed the order from its Columbus office, the Division argues that this court has exclusive jurisdiction over this appeal. To resolve this dispute, we must determine the meaning of the phrase "the activity addressed by the decision."
 {¶ 12} When ascertaining the meaning of a statute, a court has an obligation to give effect to the General Assembly's intent. Colbert v.City of Cleveland, 99 Ohio St.3d 215, 2003-Ohio-3319, at ¶ 12. "`If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary.'" Clark v. Scarpelli
(2001), 91 Ohio St.3d 271, 274, quoting State ex rel. Savarese v. BuckeyeLocal School Dist. Bd. of Edn. (1996), 74 Ohio St.3d 543, 545. However, if the meaning of the statute is subject to various interpretations, a court must invoke rules of statutory construction to determine the legislative intent. Symmes Twp. Bd. of Trustees v. Smyth (2000),87 Ohio St.3d 549, 553. Thus, when a statute is ambiguous, a court may consider the object sought to be attained by the statute and the consequences of a particular construction. R.C. 1.49(A) and (E); FamilyMedicine Found., Inc. v. Bright, 96 Ohio St.3d 183, 2002-Ohio-4034, at ¶ 9; Smyth, supra, at 556.
 {¶ 13} The procedural issue addressed by the July 1, 2004 decision is whether there was effective service of Order No. 7281. The Division argues that because the decision addresses the procedural issue of service, the "activity addressed" is the mailing and receipt of Order No. 7281. Because Order No. 7281 was received in Lexington, Kentucky, the Division argues that the only basis for determining Ohio appellate jurisdiction is the site of mailing — Franklin, County.
 {¶ 14} Lyndon, on the other hand, asserts that that underlying "activity addressed by the [Commission's]" decision is the reclamation of the property in Harrison County. Lyndon points out that the activity that brought this matter to the Commission was the reclamation of the 192.1 acres in Harrison County. Moreover, the Commission's July 1, 2004 decision expressly references both the Harrison County property and Order No. 7281, which terminated Lyndon's right to reclaim this property and required Lyndon to pay $180,062.50 so that the Division could reclaim the property. Therefore, Lyndon argues that the appeal must go to the Court of Appeals for Harrison County, Ohio, which is the Seventh District Court of Appeals.
 {¶ 15} We find that the meaning of the phrase "activity addressed by the decision" is ambiguous. Therefore, we must invoke the rules of statutory construction to determine legislative intent. Symmes, supra. We note that the phrase "activity addressed" is not specifically defined in R.C. Chapter 1513. However, the phrase "coal mining and reclamation operations" is defined in R.C. 1513.01(B) as:
[C]oal mining operations and all activities necessary and incident to the reclamation of such operations.
(Emphasis added.) Because R.C. Chapter 1513 addresses coal mining and reclamation activities, it would appear that the purpose of R.C. 1513.14
is to direct appeals from Commission decisions exclusively to the appellate district with the greatest connection to the subject of the underlying dispute — the regulation of coal mining and reclamation activities. Therefore, even though the July 1, 2004 decision decides a procedural issue, the "activity addressed" is the reclamation of the 192.1 acres in Harrison County, Ohio. Thus, only the Seventh District Court of Appeals has jurisdiction to hear this appeal.
 {¶ 16} We find the Division's argument to the contrary unpersuasive. When the Commission decides a procedural issue, it would likely be difficult to ascertain what specific activity is being addressed by that procedural ruling and precisely where that activity took place. Moreover, pursuant to the Division's argument, an appeal from such a decision could well be in an appellate district with little or no connection to the subject of the underlying dispute. Lastly, the adoption of the Division's interpretation of R.C. 1513.14 would mean that there are potentially multiple appellate districts that could exercise "exclusive" jurisdiction in a given matter. Such a result is contrary to legislative intent which vests one appellate district with exclusive appellate jurisdiction.
 {¶ 17} Although the Commission's July 1, 2004 decision resolved a procedural issue, the "activity addressed" is the reclamation of the 192.1 acres in Harrison County, Ohio. As previously noted, this decision expressly references the Harrison County property as well as Order No. 7281, which terminated Lyndon's right to reclaim the property and ordered Lyndon to pay $180,062.50 so that the Division could reclaim the property. Therefore, we conclude that the Court of Appeals for Harrison County, the Seventh District Court of Appeals, has exclusive jurisdiction to hear this appeal.
 {¶ 18} For the foregoing reasons, we grant Lyndon's motion and dismiss this appeal for lack of jurisdiction.
Motion granted; appeal dismissed.
Brown, P.J., and Lazarus, J., concur.