JOURNAL ENTRY AND OPINION
{¶ 1} The South Euclid-Lyndhurst City School District Board of Education ("BOE") appeals the decision of the Ohio Board of Tax Appeals ("BTA") that reversed the Cuyahoga County Board of Revision ("BOR"). The South Euclid BOE argues that the BTA abused its discretion by ignoring past precedent and in finding that the BOE filed a motion to dismiss when the BOE filed no such motion. For the following reasons, we affirm.
 {¶ 2} Simon DeBartlo Property Group, L.P ("DeBartolo") owns two parcels of real property located at 691 Richmond Road in the City of Richmond Heights. The property is more commonly known as Richmond Town Square Shopping Center. One of the parcels contains the Mall buildings and a portion of the parking lot, and the other contiguous parcel contains the balance of the parking lot. Both parcels are located in the City of Richmond Heights; however, one parcel, 662-27-008, is located in the Richmond Heights Local School District Board of Education taxing district, and the other parcel, 662-30-009 is located in the South Euclid-Lyndhurst City School District Board of Education taxing district. Both parcels form one single economic unit.
 {¶ 3} In early 2000, DeBartolo filed a decrease tax complaint for the tax year 2000 with the BOR using the required DTE Form 1. The complaint listed both parcels and separately stated the amount of decrease requested for each parcel. In response, the BOR notified both BOEs that DeBartolo notified both BOEs that DeBartolo had filed the complaint. Both BOEs filed separate counter-complaints requesting that the Cuyahoga County Auditor's value of the subject property be maintained for the tax year 2000. The BOR scheduled the complaints for a joint hearing.
 {¶ 4} Prior to the BOR hearing, counsel for both BOEs moved to dismiss DeBartolo's tax complaint. The motion alleged that DeBartolo's complaint included two parcels from different taxing districts in direct contravention of the instructions on the back of the complaint form. The BOR conducted a hearing and in June 2003, the BOR dismissed DeBartolo's complaint for lack of jurisdiction.
 {¶ 5} DeBartolo appealed to the BTA and in July 2004, the BTA issued a sua sponte decision reversing the order of dismissal and remanding the matter to the BOR for a determination on the merits. In its order, the BTA found that "the information contained in * * * the complaint was sufficient to vest the BOR with jurisdiction of the subject property." The South Euclid-Lyndhurst BOE, but not the Richmond Heights BOE, appeals this decision raising a single assignment of error.
 {¶ 6} This Court's standard of review is fixed by statute and reinforced by case law. R.C. 5717.04. The Ohio Supreme Court has decided that in an appeal from a decision of the BTA, this court's function "is to review the board's decision to determine if it is reasonable and lawful reasonable and lawful * * *. As long as there is evidence which reasonably supports the conclusion reached by the board, the decision must stand." Highlights for Children, Inc. v. Collins (1977),50 Ohio St.2d 186, 187-188. See, also, PPG Industries, Inc. v. Kosydar
(1981), 65 Ohio St.2d 80; American Steamship Co. v. Limbach (1991),61 Ohio St.3d 22.
 {¶ 7} The court of appeals is bound by the record that was before the BTA and may not substitute its judgment for that of the board. Denis CopyCo. v. Limbach (1992), 76 Ohio App.3d 768, 772. Additionally, the BTA has wide discretion in determining the weight to be given the evidence and the credibility of the witnesses which come before it. Cardinal Fed.Sav. Loan Assn. v. Cuyahoga Cty. Bd. of Revision (1975),44 Ohio St.2d 13.
 {¶ 8} It is within this framework that we address the BOE's appeal. In its single assignment of error, the BOE argues that the BTA abused its discretion by ignoring prior precedent that mandates the filing of separate complaints for multiple taxing districts, and erred in finding that the BOE filed a motion to dismiss when the BOE filed no such motion. This assignment of error lacks merit.
 {¶ 9} Though the standard of review is set out above, this court must first determine whether the BOR and the BTA had jurisdiction to review the complaint. R.C. 5715.13 and R.C. 5715.19 outline the jurisdictional requirements for the filing of complaints before the BOR. R.C. 5715.19
complaints before the BOR. R.C. 5715.19 provides the statutory authority for a property owner challenging the valuation of its property. It further states:
"Each complaint shall state the amount of overvaluation,undervaluation, discriminatory valuation, illegal valuation, or incorrectclassification or determination upon which the complaint is based."
 {¶ 10} R.C. 5715.13 specifically applies to complaints seeking a decrease in valuation and provides:
"The county board of revision shall not decrease any valuation unless aparty affected thereby or who is authorized to file a complaint undersection 5715.19 of the Revised Code makes and files with the board awritten application therefor, verified by oath, showing the facts uponwhich it is claimed such decrease should be made."
 {¶ 11} In construing the requirements of the above statutes, the
 {¶ 12} Ohio Supreme Court has held that "full compliance with R.C.5715.19 and 5715.13 is necessary before a county board of revision is empowered to act on the merits of a claim." Stanjim Co v. Bd. of Revisionof Mahoning Cty. (1974), 38 Ohio St.2d 233, 235. The court further held that the BTA Form 1, the predecessor to DTE Form 1, "represents a lawful interpretation of the minimal, data requirements of R.C. 5715.19 and 5715.13." Id. at 236.
 {¶ 13} This holding has been tempered by Nucorp, Inc. v. MontgomeryCty. Bd. of Revision (1980), 64 Ohio St.2d 20. In Nucorp, the complaint form instructed a taxpayer to furnish within forty-five days after the last day for filing complaints, additional information denoting whether the property additional information denoting whether the property was income-producing, commercial, or industrial. Nucorp filed this information three weeks after the deadline had passed and the board of revision dismissed the complaint. The board of tax appeals reversed the dismissal and on appeal, the Ohio Supreme Court found that failure to file supplemental information subsequent to the filing of the taxpayer complaint was not jurisdictional. The court stated:
"While this court has never encouraged or condoned disregard ofprocedural schemes logically attendant to the pursuit of a substantivelegal right, it has also been unwilling to find or enforce jurisdictionalbarriers not clearly or statutorily or constitutionally mandated, whichtend to deprive a supplicant of a fair review of his complaint on themerits." Id. at 22.
 {¶ 14} The Ohio Supreme Court further tempered its holding in Stanjim
with its decision in Akron Standard Div. of Eagle-Picher Industries Incv. Lindley, Tax Commr. (1984), 11 Ohio St.3d 10. In its decision, the court enunciated the core of procedural efficiency standard regarding substantial compliance with a tax statute as it related to filing a reassessment petition. The Akron court went on to find that the lack of a statutorily mandated verified signature did not prevent the attachment of jurisdiction because the complainant had substantially complied with the statutory requirements and the lack of a verified signature did not affect the core of procedural efficiency. Id. at 12.
 {¶ 15} In explaining the core of procedural efficiency standard, the the Ohio Supreme Court subsequently held:
"If the omitted requirement runs to the core of procedural efficiency,then the requirement is essential, the omission is not substantialcompliance with the statute, and the appeal is to be dismissed." Rennerv. Tuscarawas Cty. Bd. of Revision (1991), 59 Ohio St.3d 142, 144.
 {¶ 16} The Ohio Supreme Court recently applied the core of procedural efficiency standard in Cleveland Elec. Illuminating Co. v. Lake Cty. Bd.of Revision, 80 Ohio St.3d 591, 1998-Ohio-179. In Cleveland Elec., the board of revision dismissed several reassessment complaints for lack of jurisdiction because the complainants had not completely answered two questions set forth on the complaint. The two questions related to the amount at which the taxpayer believed the property should be valued and the reasons supporting such a reduction. The BTA affirmed the dismissal but the Ohio Supreme Court reversed on appeal. The court found that the questions at issue sought opinion and argument, rather than specific, verifiable information required by statute, and that the responses provided substantially complied with the requirements of R.C. 5715.19 and5715.13. Id. at 597-598. The Supreme Court further held that the responses did not affect the core of procedural efficiency because the information given was sufficient to trigger notice to the defendant school board. Id. at 597.
 {¶ 17} The BOE argues that the BOR and the BTA did not have jurisdiction to hear DeBartolo's complaint because it failed to file two separate file two separate complaints. In support of its position that multiple parcels in separate taxing districts require the filing of separate complaints, the BOE relies heavily on three cases decided by this Court of Appeals. Trembal Constr. Inc. v. Cuyahoga Cty. Bd. ofRevision, et al (1986), 29 Ohio App.3d 312; Cuyahoga Cty v. BakerMaterial Handling Corp. (March 5, 1981) Cuyahoga App. No. 42528; TeamsterJoint Council 41 v. Bd. of Revision (Jan. 8, 1981), Cuyahoga App. Nos. 41872 and 48173. All three cases can be easily distinguished from the facts of this current case; therefore, our review will be limited to the more recent, above cited Ohio Supreme Court cases. However, this Court will explain why its prior decisions are not applicable to this case.
 {¶ 18} The BOE's reliance on Trembal, supra, is misplaced as the issues and holding demonstrate that instructions on DTE Form 1 are not always jurisdictional. This Court held that even though DTE Form 1 required that complaints be verified under oath, and only contain multiple parcels if there is identical ownership and that the parcels are in actual physical contact with each other, failure to comply with all three of these requirements did not deprive the BOR with jurisdiction over the complaint. This case supports DeBartolo's argument that even though he did not file separate complaints, the BOR still retained jurisdiction to hear his complaint.
 {¶ 19} The BOE's reliance on Teamster, supra, is also misplaced as the as the facts in Teamster are easily distinguishable from the facts in the current case. The Teamster Court held that the BOR did not have subject matter jurisdiction to act on the complaint when the taxpayer failed to indicate the taxing district, the fair market value of the property, and that the property had been subject to a recent arms-length sale. Here, DeBartolo did provide the BOR with all the required information about the two parcels of land, allowing the BOR to notify the effected parties. Therefore, DeBartolo did not deprive the BOR of subject matter jurisdiction to hear the case.
 {¶ 20} Finally, the BOE relies on Baker, supra, in which this Court held "the DTE Form 1 instruction requiring that separate complaints be filed for parcels located in different taxing districts is `a lawful interpretation of the minimal data requirements of R.C. 5715.19 and 5715.13.'" Initially, it is important to note that the instructions on the DTE Form 1 used in Baker differ from the instructions on the DTE Form 1 used by DeBartolo. Furthermore, the complainant in Baker filed a single complaint for adjoining parcels located in different cities and requested aggregate assessment and aggregate reduction for the parcels. Baker did not provide information regarding the separate valuation and requested reduction for each parcel. This failure prevented the BOR from notifying the two affected boards of education. The facts in the instant case are sufficiently different in that DeBartolo provided separate valuations and different in that DeBartolo provided separate valuations and separate reduction requests for both parcels, allowing the BOR to notify the parties in interest. Furthermore, this Court decided the Baker case prior to the establishment of the core of procedural efficiency as the standard in this area of law.
 {¶ 21} Applying the abovementioned law to the facts at hand, we find that DeBartolo substantially complied with the requirements of R.C. 5715.19
and R.C. 5715.13, and therefore the BOR had jurisdiction to hear the complaint. DeBartolo's complaint correctly identified both parcels of land, identified the specific decrease requested for each parcel, and identified the city in which both parcels were located. Using the parcel numbers provided by DeBartolo, the BOR timely notified both BOEs of the filing of the complaint. The BOEs filed counter-complaints and both were present and represented by counsel at the BOR hearing. Therefore, DeBartolo's failure to file two separate complaints did not affect the BOR's ability to provide notice to the parties in interest and conduct a hearing on the reassessment petition. Accordingly, DeBartolo's use of one complaint for two parcels of land in separate taxing districts did not affect the core of procedural efficiency.
 {¶ 22} Next, we must determine whether the BTA's decision was reasonable, lawful and supported by evidence. We find that it was. The BTA found that the complaint supplied sufficient information to vest to vest jurisdiction with the BOE. This holding is supported by Ohio Supreme Court case law and accordingly, we cannot say that this holding is unreasonable or unlawful.
 {¶ 23} Finally, we must address the BOE's assertion that the BTA abused its discretion in finding that the BOE filed a motion to dismiss when the BOE filed no such motion before the BTA. This argument is without merit as the Ohio Supreme Court has upheld sua sponte dismissals from the BTA on jurisdictional grounds. C.I.A. Properties v. CuyahogaCty. Auditor, 89 Ohio St.3d 363, 2000-Ohio-192.
 {¶ 24} Because there is evidence that reasonably supports the BTA's conclusion, we affirm the decision of the BTA remanding the case to the BOR for a decision on the merits. It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Board of Tax Appeals to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., concurs in judgment only D. Celebrezze Jr., J., concurs