[Cite as *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 2018-Ohio-1996.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Dublin City Schools Board of Education, | : | |
| Appellant-Appellant, | : | No. 17AP-684 (BTA No. 2016-551) |
| v. | : | |
| Franklin County Board of Revision et al., | : | (REGULAR CALENDAR) |
| Appellees-Appellees. | : | |

D E C I S I O N

Rendered on May 22, 2018

**On brief:** *Rich & Gillis Law Group, LLC, Mark H. Gillis,* and *Kelley A. Gorry*, for appellant. **Argued:** *Kelley A. Gorry.*

**On brief:** *The Gibbs Firm, LPA, Ryan J. Gibbs*, and *Geoffrey N. Byrne,* for appellee Lowe's Home Centers, LLC. **Argued:** *Geoffrey N. Byrne.*

APPEAL from the Ohio Board of Tax Appeals

LUPER SCHUSTER, J.

{¶ 1} Appellant, Dublin City Schools Board of Education ("BOE"), appeals from an Ohio Board of Tax Appeals ("BTA") decision that dismissed the BOE's appeal from a Franklin County Board of Revision ("BOR") decision valuing a property owned by Lowe's Home Centers, LLC ("Lowe's"). For the following reasons, we reverse the BTA's decision and remand for further proceedings.

I. Facts and Procedural History

{¶ 2} In March 2015, Lowe's filed a complaint with the BOR seeking a reduction in value for certain real property it owns located at 6555 Dublin Center Drive, Dublin, Ohio ("the property"). In May 2015, the BOE filed a counter-complaint in support of the county auditor's valuation of the property.

{¶ 3}    On March 1, 2016, the BOR held a hearing regarding the matter.  The next day, the BOR mailed a letter indicating it was granting a reduction in value as to the property (the "March 2, 2016 decision letter").  The March 2, 2016 decision letter identified "LBUBS 2007-C1 COMPLEX 2740 LLC" as the owner of the property, even though Lowe's is in fact the property's owner.  The BOR sent this letter to LBUBS 2007-C1 COMPLEX 2740 LLC in care of Lowe's counsel.  The letter indicates that a copy was also sent to the BOE's counsel, but BOE asserts that the record does not conclusively show that it received the March 2, 2016 decision letter.

{¶ 4}    On April 1, 2016, Lowe's filed a notice of appeal with the BTA.  Also on April 1, 2016, the BOR sent a "corrected letter" regarding the property to both Lowe's counsel and the BOE's counsel (the "April 1, 2016 decision letter").  The April 1, 2016 decision letter is identical to the March 2, 2016 decision letter, except that it correctly identified Lowe's as the property's owner.

{¶ 5}    On April 8, 2016, the BOE filed an appeal with the BTA from the BOR's April 1, 2016 decision letter.  On April 13, 2016, the BTA consolidated the parties' appeals.  On November 1, 2016, Lowe's moved to dismiss the BOE's appeal as untimely.  Lowe's argued that the BOE did not comply with R.C. 5717.01 because it filed its appeal more than 30 days after the BOR's decision was certified on March 2, 2016.  The BOE argued that its appeal was timely because there was no evidence it received the March 2, 2016 decision letter, because the letter itself was not sufficient to give it notice of the decision as required by statute, and because the sending of the April 1, 2016 decision letter began a new 30-day appeal period.  On November 2, 2016, Lowe's voluntarily dismissed its appeal.  On the same day, the BTA held a hearing regarding the merits of the BOE's appeal, deferring a decision on Lowe's jurisdictional motion.

{¶ 6}    In August 2017, the BTA issued a decision dismissing the BOE's appeal as untimely.  The BTA rejected the BOE's assertion that it did not receive a copy of the March 2, 2016 decision letter.  The BTA based this rejection on the following: the letter itself indicates a copy was sent to the BOE's counsel, a certified mail green card in the record indicating receipt by the BOE's counsel shows a partial BOR case number consistent with the BOR case number associated with the property, and public boards are presumed to properly perform their duties in the absence of evidence to the contrary.  The BTA also was

unconvinced by the BOE's argument that the March 2, 2016 decision letter was not reasonably calculated to provide it notice. The BTA found that, even though the March 2, 2016 decision letter incorrectly named the owner of the property, the remaining pertinent information on the letter was correct "and more than sufficient to provide the BOE notice that it was deciding the value of the property owned by Lowe's." (Aug. 31, 2017 BTA Decision at 2.) Lastly, the BTA disagreed with the BOE's contention that the April 1, 2016 decision letter extended the time period during which the BOE could timely file an appeal. The BTA explained that the April 1, 2016 decision letter was a "corrected letter" that did not change the substance of the earlier certified decision and that "there is no indication that the BOR voted to or intended to vacate its March 2, 2016 decision letter." (BTA Decision at 3.) Accordingly, the BTA declined to find that "the April 1, 2016 letter was a newly certified letter that would serve to begin a new thirty day period in which the BOE could timely file an appeal." (BTA Decision at 3.) For these reasons, the BTA dismissed the BOE's appeal as untimely.

{¶ 7} The BOE timely appeals to this court from the BTA's decision.

## II. Assignments of Error

{¶ 8} The BOE assigns the following errors for our review:

1. The BTA erred by holding that the appeal to the BTA was not timely filed.

2. The BTA erred in determining that a newly issued corrected decision issued and sent to the parties within the 30-day appeal period does not cause the start of a new 30-day appeal period.

3. The BTA erred in holding that there must be some indication that the Board of Revision voted to or intended to vacate its March 2, 2016 decision when the Board of Revision can only speak through its journal entries, and as such, the issuance of the April 1, 2016 decision was sufficient to vacate the March 2, 2016 decision and begin a new appeal 30-day appeal period.

4. The BTA erred in [not] holding that "the April 1, 2016 letter was a newly certified letter that would serve to begin a new thirty day appeal period in which the BOE could timely file an appeal" when in fact the April 1, 2016 decision letter was certified to all parties in this matter in the same form and fashion as the March 2, 2016 decision letter.

5. The BTA erred in deeming that the March 2, 2016 decision letter was properly mailed when it also found that "the green card included in the transcript does not definitely prove that the decision for BOR number 14-1022 was mailed on March 2, 2016 due to a smudge."

## III. Discussion

{¶ 9}   The BOE's first assignment of error alleges the BTA erred in dismissing the BOE's appeal as untimely.  The BOE argues in part that because the BOR's March 2, 2016 decision letter did not sufficiently notify the BOE of its decision as required under R.C. 5715.20, the BOE's appeal period did not begin until the April 1, 2016 decision was certified to it.  We agree.

{¶ 10}   The BTA has jurisdiction over appeals from final determinations of the BOR. R.C. 5717.01.  An appellate court may reverse a BTA decision only "when it affirmatively appears from the record that such decision is unreasonable or unlawful."  *Witt Co. v. Hamilton Cty. Bd. of Revision*, 61 Ohio St.3d 155, 157 (1991).  Thus, legal conclusions are reviewed de novo.  *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, ¶ 7; *see Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino*, 93 Ohio St.3d 231, 232 (2001) ("[W]e will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion.").  As to factual findings, an appellate court may not substitute its judgment for that of the BTA.  *Bethesda Healthcare, Inc. v. Wilkins*, 101 Ohio St.3d 420, 2004-Ohio-1749, ¶ 18.  However, facts determined by the BTA must be supported by sufficient probative evidence.  *First Baptist Church of Milford, Inc. v. Wilkins*, 110 Ohio St.3d 496, 2006-Ohio-4966, ¶ 9.

{¶ 11}   The primary issue before this court is whether the BOE's appeal was timely. A party seeking to appeal to the BTA from a board of revision decision must file its appeal within 30 days of the certified mailing of that decision.  R.C. 5717.01; *see* R.C. 5715.20(A) (a person's time to file an appeal under R.C. 5717.01 "commences with the mailing of notice of the decision to that person as provided" in R.C. 5715.20).  R.C. 5715.20 states that when a board of revision "renders a decision on a complaint filed under section 5715.19 of the Revised Code," it must "certify its action by certified mail to the person in whose name the property is listed" and to the complainant, if the complainant "is not the person in whose name the property is listed."  "[A] board of revision properly certifies its decision under R.C.

5715.20 when it mails the decision by certified mail to an address that is reasonably calculated to give notice of the decision to the owner." *Meadows Dev., L.L.C. v. Champaign Cty. Bd. of Revision*, 124 Ohio St.3d 349, 2010-Ohio-249, ¶ 18. In *Meadows*, the Supreme Court of Ohio found that the sending of the board of revision's decision to the party's attorney was "reasonably calculated" to give the party notice of the decision. *Id.* at ¶ 21.

{¶ 12} Here, the BTA determined that the BOR's March 2, 2016 decision letter was reasonably calculated to give notice to the BOE of its decision regarding the property. In addressing this issue, the BTA noted that the referenced BOR case number in the letter was the case number assigned to Lowe's valuation complaint and the BOE's counter-complaint, and the referenced parcel numbers in the letter correctly match those of the property. The BTA also noted that the BOR's valuation of the property was consistent with the valuation offered by Lowe's to the BOR. While the BTA acknowledged that the owner of the property was incorrectly identified on the March 2, 2016 decision letter, it reasoned that the remaining pertinent information on the letter was correct and therefore sufficient to notify the BOE of the BOR's decision regarding the valuation of the property.

{¶ 13} Lowe's asserts that the BTA reached the correct conclusion because an error relating to an ownership name does not affect jurisdiction because it does not implicate the "core of procedural efficiency." In support of this assertion, Lowe's cites *Shinkle v. Ashtabula Cty. Bd. of Revision*, 135 Ohio St.3d 227, 2013-Ohio-397, *Hilltop Commons, LLC v. Mingo*, 10th Dist. No. 11AP-1089, 2012-Ohio-5661, *Simon DeBartolo Group, L.P. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. No. 85052, 2005-Ohio-2621, and *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266, 2013-Ohio-4627. Lowe's reliance on these cases, however, is misplaced.

{¶ 14} The cases Lowe's cites all involved disputes as to the jurisdictional sufficiency of a valuation complaint filed with a board of revision pursuant to R.C. 5715.19, not whether a party was sufficiently notified of a board's decision for the purpose of R.C. 5717.01's 30-day appeal requirement. In *Shinkle*, the dispute centered on whether the property owner had invoked the jurisdiction of a county board of revision when the property owner's complaint failed to specify an amount of value for the property. *Shinkle* at ¶ 22. As to that issue, the Supreme Court of Ohio held that, because R.C. 5715.19's "requirement to state the amount of value runs to the core of procedural efficiency," it is jurisdictional. *Id.* at ¶ 22.

Similarly, in *Hilltop*, this court concluded that the county board of revision lacked jurisdiction over the matter because omitted information regarding valuation in the property owner's complaint "runs to the core of procedural efficiency." *Hilltop* at ¶ 15, 41. In *Simon DeBartolo Group*, the Eighth District Court of Appeals held that the property owner's use of one complaint for two parcels of land in separate taxing districts did not affect the core of procedural efficiency and therefore the county board of revision had jurisdiction. *Simon DeBartolo Group* at ¶ 21. Lastly, in *Groveport*, the Supreme Court of Ohio was faced with the issue of whether the valuation complaint at issue was jurisdictionally deficient because the complainant did not correctly name the property owner. *Groveport* at ¶ 6, 8. In resolving that issue, the Supreme Court concluded that "[b]ecause there is no statutory requirement that a valuation complaint accurately identify the legal owner of the subject property, identification of the owner is not a jurisdictional prerequisite." *Id.* at ¶ 32. Thus, the cited cases are legally and factually distinguishable from the case at bar.

{¶ 15} We find the BTA wrongly minimized the significance of the error on the BOR's March 2, 2016 decision letter. The error was not a misspelling or other obvious typographical error. The named owner on the letter, LBUBS 2007-C1 COMPLEX 2740 LLC, also had a valuation dispute pending before the BOR, and the BOE's counsel was involved in that dispute. Even though the substance of the letter indicated the BOR apparently had decided the matter as to the property owned by Lowe's, the misidentification of the owner as LBUBS 2007-C1 COMPLEX 2740 LLC created the real possibility of a misunderstanding as it related to both the BOR's intent in issuing the letter and the administrative processing of mail delivered at BOE's counsel's office. Given the potential for confusion created by the mistake, the BOR acted reasonably in sending the corrected letter on April 1, 2016.

{¶ 16} For these reasons, we find that, even assuming the BOE received the March 2, 2016 decision letter, the letter did not sufficiently notify the BOE of the BOR's decision for the purpose of R.C. 5717.01's 30-day appeal requirement. Therefore, considering the particular circumstances of this case, we conclude that the BOR did not validly certify its decision to the BOE pursuant to R.C. 5715.20 until it sent its April 1, 2016 decision letter to the BOE. Thus, the BOE's 30-day window to appeal the decision began on April 1, 2016.

Because the BOE filed its appeal on April 8, 2016, the appeal was timely.  Accordingly, we sustain the BOE's first assignment of error.

{¶ 17} In the BOE's second assignment of error, it contends that, even assuming the March 2, 2016 decision letter started a 30-day appeal period, the BTA erred in determining that the April 1, 2016 decision letter did not restart the 30-day appeal period.  The BOE's third assignment of error asserts that the BTA erred in not finding that the April 1, 2016 decision letter operated to vacate the March 2, 2016 decision letter.  The BOE's fourth assignment of error alleges that, even assuming the March 2, 2016 decision letter started a 30-day appeal period, the BTA erred in not finding that the April 1, 2016 decision letter began a new 30-day appeal period because it was sent to all parties in the same manner as the March 2, 2016 decision letter.  And in its fifth assignment of error, the BOE asserts that the BTA erred in finding that the BOR's March 2, 2016 decision letter was actually mailed and delivered to the BOE.  Based on our disposition of the BOE's first assignment of error, the particular issues raised by these remaining assignments of error are rendered moot.

## IV.  Disposition

{¶ 18} Having sustained the BOE's first assignment of error, rendering moot the BOE's second, third, fourth, and fifth assignments of error, we reverse the decision of the BTA and remand this matter for further proceedings consistent with law and this decision.

*Decision reversed;*
*cause remanded.*

TYACK and DORRIAN, JJ., concur.