[Cite as *Dublin City Schools Bd. of Edu. v. Franklin Co. Bd. of Revision*, 2019-Ohio-1069.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Dublin City Schools Board of Education, | : | |
| Appellant-Appellant, | : | No. 17AP-684 |
| | | (BTA No. 2016-551) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Franklin County Board of Revision et al., | : | |
| Appellees-Appellees. | : | |

# D E C I S I O N

## Rendered on March 26, 2019

*Rich & Gillis Law Group, LLC*, *Mark H. Gillis,* and *Kelley A. Gorry*, for appellant.

*The Gibbs Firm, LPA*, *Ryan J. Gibbs*, and *Geoffrey N. Byrne,* for appellee Lowe's Home Centers, LLC.

## ON APPLICATION FOR RECONSIDERATION
## AND ON MOTION TO DISMISS

LUPER SCHUSTER, J.

{¶ 1} On May 25, 2018, appellee Lowe's Home Centers, LLC ("Lowe's") filed an application for reconsideration pursuant to App.R. 26(A) of this court's May 22, 2018 decision in *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 17AP-684, 2018-Ohio-1996. In that decision, we reversed the decision of the Ohio Board of Tax Appeals ("BTA") finding that the appeal of appellant Dublin City Schools Board of Education ("BOE") was untimely filed. Based on our finding that the BOE timely filed its appeal, we remanded the matter to the BTA for further proceedings.

{¶ 2} App.R. 26(A) provides for the filing of an application for reconsideration. The test generally applied to an application for reconsideration is whether the application calls to the court's attention an obvious error in its decision or raises an issue for our

consideration that was either not considered at all or was not fully considered by us when it should have been. *Matthews v. Matthews*, 5 Ohio App.3d 140 (10th Dist.1981). However, an application for reconsideration "is not designed for use in instances where a party simply disagrees with the logic or conclusions of the court." *State v. Burke*, 10th Dist. No. 04AP-1234, 2006-Ohio-1026, ¶ 2, citing *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist.1996). Furthermore, an application for reconsideration is not a means to raise new arguments or issues. *State v. Wellington*, 7th Dist. No. 14 MA 115, 2015-Ohio-2095, ¶ 9.

{¶ 3} In support of its application, Lowe's argues we did not adequately consider the jurisdictional motion it filed two business days before we issued our decision on the merits of the appeal. On May 18, 2018, over two months after this matter was argued and submitted to this court for decision, Lowe's filed a motion to dismiss the BOE's appeal for lack of jurisdiction. In its motion, Lowe's argued the BOE failed to invoke the jurisdiction of this court because its notice of appeal did not include a list of errors complained of pursuant to R.C. 5717.04. Given the brevity of time, the BOE did not respond to Lowe's motion to dismiss before we issued our decision on the merits. In response to Lowe's application for reconsideration, the BOE acknowledges the jurisdictional requirement set forth in R.C. 5717.04 regarding the inclusion of assignments of error in the notice of appeal. Further, since Lowe's pending motion was briefed, the Supreme Court of Ohio in *Yanega v. Cuyahoga Cty. Bd. of Revision*, __ Ohio St.3d __, 2018-Ohio-5208, reaffirmed its holding that compliance with R.C. 5717.04's requirement that a notice of appeal set forth an appellant's assigned errors is jurisdictional.

{¶ 4} Here, the BOE's notice of appeal contains no assignments of error. The BOE asserts, however, that it met R.C. 5717.04's jurisdictional requirement because it attached its assignments of error to its docketing statement. This court's docketing statement form includes instructions for the appealing party to "[b]riefly summarize the assignments of error presently anticipated to be raised on appeal," with further instructions to attach a separate sheet if necessary. The BOE wrote "See Attached" in the provided space next to these instructions. But there is no attachment to the BOE's filed docketing statement.

{¶ 5} Because neither the BOE's notice of appeal nor the docketing statement filed with this court includes any assignments of error, we need not reach the issue of whether R.C. 5717.04's jurisdictional requirement pertaining to assigned errors may be satisfied by

the inclusion of an appellant's assignments of error on a docketing statement.  The BOE's failure to set forth any assignments of error in compliance with R.C. 5717.04 deprived this court of jurisdiction over its appeal.  Therefore, we must grant both Lowe's application for reconsideration and its motion to dismiss.  Accordingly, we vacate our May 22, 2018 decision and dismiss this appeal.

*Application for reconsideration granted;*
*May 22, 2018 decision vacated;*
*motion to dismiss granted;*
*appeal dismissed.*

DORRIAN and BEATTY BLUNT, JJ., concur.

_____