[Cite as *Cleveland v. Cuyahoga Cty. Bd. of Revision*, 2023-Ohio-1198.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Cleveland/IX Center Corp., | : | |
| Appellants-Appellants, | : | |
| | : | No. 22AP-597 |
| v. | : | (BTA No. 2022-186) |
| Cuyahoga County Board of Revision et al., | : | (ACCELERATED CALENDAR) |
| | : | |
| Appellees-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on April 11, 2023

**On brief:** *Kenneth J. Fisher Co., L.P.A.*, and *Kenneth J. Fisher*.

**On brief:** *Frantz Ward LLP*, and *John P. Desimone*.

APPEAL from the Ohio Board of Tax Appeals

BEATTY BLUNT, P.J.

{¶ 1} Appellants, the City of Cleveland and IX Center Corporation, appeal a decision and order of the Ohio Board of Tax Appeals ("BTA") that dismissed appellants' appeal of a final determination of the Cuyahoga County Board of Revision ("BOR"). Because we lack subject-matter jurisdiction over this appeal, we dismiss it.

{¶ 2} On August 25, 2021, IX Center filed with the BOR a "Special COVID-19-Related Complaint Against the Valuation of Real Property" with regard to three separate parcels of commercial property. The complaint stated that Cleveland owned the properties at issue in the complaint, and Cleveland leased the properties to IX Center. According to IX Center, due to the COVID-19 pandemic and the state COVID-19 orders, the value of the three properties decreased from $25,270,400 to $2,524,100.

{¶ 3}   In response to the complaint, appellee, the Berea City School District Board of Education ("Berea BOE"), filed a countercomplaint requesting no change in value.  The Berea BOE subsequently filed a motion to dismiss IX Center's complaint, arguing that IX Center lacked standing to file it.

{¶ 4}   In its dismissal motion, the Berea BOE pointed out that IX Center filed its complaint pursuant to a special property valuation challenge process for tax year 2020 created by 2021 Sub.S.B. No. 57.  That process allowed an "eligible person" to request the value of its property be determined as of October 1, 2020, instead of the tax lien date, if the request reflected a reduction in value between those two dates due to a circumstance related to the COVID-19 pandemic or a state COVID-19 order.  Section 3(B), 2021 Sub.S.B. No. 57. Sub.S.B. No. 57 defined an "eligible person" as "any person, board, or officer authorized to file a complaint under division (A)(1) of section 5715.19 of the Revised Code."  Section 3(A)(3), 2021 Sub.S.B. No. 57.

{¶ 5}   R.C. 5715.19(A)(1) lists the entities authorized to file a property tax complaint. Until the passage of Sub.S.B. No. 57, that list did not include tenants.  Sub.S.B. No. 57 amended R.C. 5715.19(A)(1) to include tenants under specified circumstances.  However, in enacting Sub.S.B. No. 57, the General Assembly provided that "[t]he amendment by this act of section 5715.19 of the Revised Code applies to complaints or counterclaims to complaints filed for tax year 2021 or any tax year thereafter."  Section 5, 2021 Sub.S.B No. 57.  Based upon this language, the Berea BOE asserted that amended R.C. 5715.19(A)(1) did not apply to IX Center's special complaint, which was filed for tax year 2020.  The Berea BOE concluded, consequently, that IX Center—a tenant—lacked the authority to file its complaint and the BOR should dismiss it.

{¶ 6}   IX Center opposed the Berea BOE's motion to dismiss.  IX Center argued that the amendments to R.C. 5715.19(A)(1) became effective on August 3, 2021, so it qualified as an "eligible person" when it filed its complaint on August 25, 2021.

{¶ 7}   In a decision issued January 25, 2022, the BOR dismissed IX Center's complaint because "[c]omplainant, a commercial tenant, lacked standing to file this COVID complaint for tax year 2020."  (Jan. 25, 2022 BOR Decision Notice at 1.)  Both Cleveland and IX Center appealed the BOR's decision to the BTA.

{¶ 8} Before the BTA, the Berea BOE filed a motion to dismiss, asserting the same argument it had made before the BOR. Cleveland and the IX Center opposed the motion. In a decision and order entered September 28, 2022, the BTA granted the Berea BOE's motion to dismiss.

{¶ 9} Cleveland and IX Center now appeal the BTA's decision and order to this court. The Berea BOE, however, argues that we lack subject-matter jurisdiction over this appeal because appellants failed to comply with all the requirements of R.C. 5717.04, the statute governing our jurisdiction to hear appeals from BTA decisions.

{¶ 10} Subject-matter jurisdiction is the constitutional or statutory power of a court to adjudicate a particular class or type of case. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 23. A court of appeals only has subject-matter jurisdiction to review an administrative decision if a statute grants the court jurisdiction. Ohio Constitution, Article IV, Section 3(B)(2); *Lyndon Property Ins. v. Div. of Mineral Resources Mgt.*, 10th Dist. No. 04AP-778, 2005-Ohio-2294, ¶ 10. To invoke a court's jurisdiction under a statute granting a right to an administrative appeal, the appellant must perfect the appeal in the manner prescribed by the statute. *Welch Dev. Co. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, ¶ 14.

{¶ 11} In an appeal of a BTA decision, an appellant must file a notice of appeal "set[ting] forth * * * the errors [ ] complained of." R.C. 5717.04. The requirement that the appellant set forth errors in the notice of appeal is a jurisdictional prerequisite. *Yanega v. Cuyahoga Cty. Bd. of Revision*, 156 Ohio St.3d 203, 2018-Ohio-5208, ¶ 10; *Sears, Roebuck & Co. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 421, 2015-Ohio-4522, ¶ 11; *Cruz v. Testa*, 144 Ohio St.3d 221, 2015-Ohio-3292, ¶ 18. Error not specified in a notice of appeal may not serve as a basis for relief because the lack of specification deprives the court of jurisdiction to grant relief on that basis. *Yanega* at ¶ 10; *Sears, Roebuck & Co.* at ¶ 11. A notice of appeal that sets forth no errors completely divests a court of appeals of subject-matter jurisdiction. *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 17AP-684, 2019-Ohio-1069, ¶ 5.

{¶ 12} In the case at bar, appellants failed to include any errors in their notice of appeal. Appellants' failure to comply with a mandatory requirement of R.C. 5717.04 deprives this court of subject-matter jurisdiction to adjudicate the errors appellants

belatedly raised in their brief. We therefore dismiss this appeal for lack of subject-matter jurisdiction.

*Appeal dismissed.*

LUPER SCHUSTER and MENTEL, JJ., concur.

———————————