[Cite as *Twinsburg City School Dist. Bd. of Edn. v. Twinsburg Hospitality Group*, 2025-Ohio-1245.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

TWINSBURG CITY SCHOOL DISTRICT
BOARD OF EDUCATION, et al.

    Appellees

    v.

TWINSBURG HOSPITALITY GROUP

    Appellant

C.A. No.    31198

APPEAL FROM JUDGMENT
ENTERED IN THE
OHIO BOARD OF TAX APPEALS
CASE No.    2021-2502

DECISION AND JOURNAL ENTRY

Dated: April 9, 2025

HENSAL, Judge.

{¶1} Twinsburg Hospitality Group has attempted to appeal from an order of the Board of Tax Appeals. Because the notice of appeal did not comply with the requirements of Revised Code Section 5717.04, this Court must dismiss the appeal.

I.

{¶2} On July 23, 2024, the Board of Tax Appeals ("BTA") entered a decision determining that Twinsburg Hospitality Group had not presented probative evidence of value and had not demonstrated that the subject property suffered a reduction in value as a result of the COVID-19 pandemic. As a result, the BTA determined that the Summit County Board of Revision erred by revising the value of the subject property and that the true value of the property for the 2020 tax year was $4,136,010.

{¶3}    On August 20, 2024, Twinsburg Hospitality Group filed a notice of appeal in this Court under Section 5717.04.  The body of the notice of appeal read, in its entirety:

> NOW COMES the Appellee, Twinsburg Hospitality Group LLC, by and through counsel, who hereby gives notice that it is appealing to the Ninth District Court of Appeals, Summit County, Ohio, from the final judgment/decision in favor of Appellant, which was entered in this action on July 23, 2024, a copy of which is attached hereto as Exhibit "A".

The docketing statement, which was filed on the same date as the notice of appeal, stated that the probable issues for appeal included "[v]alue of [r]eal [p]roperty pursuant to special covid tax assessment House Bill 57.  Owners [*sic*] opinion.  Sufficiency of Evidence."  The Twinsburg City School District Board of Education ("the Board of Education") moved to dismiss the appeal, arguing that Section 5717.04 required Twinsburg Hospitality Group to set forth the errors complained of on appeal in the notice of appeal.  This Court deferred decision on the motion to dismiss.

## II.

{¶4}    When a right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the statute and "exercise of the right [to appeal] is conditioned upon compliance with the accompanying mandatory requirements."  *Shinkle v. Ashtabula Cty. Bd. of Revision*, 2013-Ohio-397, ¶ 17, quoting *Zier v. Bur. of Unemp. Comp.*, 151 Ohio St. 123 (1949), paragraph one of the syllabus.  *See also Yanega v. Cuyahoga Cty. Bd. of Revision*, 2018-Ohio-5208, ¶ 10.  Statutory requirements are mandatory – and, therefore, jurisdictional – when they are imposed upon the appellant and "relate[ ]to the informative content of the document by which the administrative proceeding is instigated."  *Shinkle* at ¶ 19, citing *Zier* at 126-127.  Section 5717.04 mandates that "[a] notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of."  This statutory requirement is a jurisdictional one.  *Yanega* at ¶ 10.

{¶5}    The Supreme Court of Ohio has concluded that a court of appeals does not have jurisdiction to consider any errors that are not assigned in the notice of appeal.  *Yanega* at ¶ 11 (citing cases that apply this principle).  Consequently, when a notice of appeal fails to set forth *any* errors, this Court does not have jurisdiction to consider the appeal.  *Cleveland v. Cuyahoga Cty. Bd. of Revision¸* 2023-Ohio-1198, ¶ 11 (10th Dist.).  *See also Dublin City Schools Bd. of Edn.*, 2019-Ohio-1069, ¶ 5.

{¶6}    It is undisputed that Twinsburg Hospitality Group's notice of appeal completely failed to comply with Section 5717.04 because it set forth no errors for review.  In addition, it is the notice of appeal – and not this Court's docketing statement – that must be filed with the BTA and served in compliance with Section 5717.04.  This Court cannot conclude that the docketing statement filed by Twinsburg Hospitality Group vested jurisdiction in this Court when the notice of appeal itself failed to comply with Section 5717.04.  Consequently, this Court does not have jurisdiction to consider this attempted appeal.  *Cleveland* at ¶ 11 (10th Dist.).

### III.

{¶7}    This Court does not have jurisdiction to consider Twinsburg Hospitality Group's attempted appeal.  The appeal is, therefore, dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

DEAN W. VAN DRESS, Attorney at Law, for Appellant.

DAVID H. SEED, Attorney at Law, for Appellee.

CARIE C. HILL, Assistant Prosecuting Attorney, for Appellees.